**MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

RECEIVED
2007 NOV -9 A 9:48
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| **United States District Court** | District Middle of Alabama |
|---|---|
| Name: Karriem Abdullah | Case No.: 3:07-CV-1000-ID |
| Place of Confinement: Forrest City FCC-MED, P.O Box 3000, Forrest City, AR 72336 | Prisoner No.: 10089-002 |
| UNITED STATES OF AMERICA v. | Movant (include name under which convicted) Karriem Abdullah |

## MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: United States District Court, Middle District of Alabama

   (b) Criminal docket number (if you know): 3:97-CR-00225-1D-2

2. Date of the judgment of conviction: July 31, 1998

3. Length of sentence: 235 Months

4. Nature of crime (all counts): Conspiracy to Distribute cocaine, 21 U.S.C § 846; Possession with intent to distribute cocaine, 21 U.S.C § 841 [2 Counts]

5. (a) What was your plea? (Check one)

   (1) Not guilty • •X
   (2) Guilty • •
   (3) Nolo contendere (no contest) • •

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? Not Applicable

6. Kind of trial: (Check one) Jury

Jury • • Judge only • •

7. Did you testify at the trial?

Yes • • No • • X

8. Did you appeal from the judgment of conviction?

X Yes • • No • •

9. If you did appeal, answer the following:

(a) Name of court: United States Court of Appeals, 11th Circuit

(b) Docket number (if you know): 00-15418-GG

(c) Result: Judgment Affirmed, Sentence Modified

(d) Date of result (if you know): July 11, 2000

(e) Citation to the case (if you know): United States of America V. Abdullah --F.3d--

(f) Grounds raised: 1. The two level enhancement for role in the offense under U.S.S.G § 2B1.1(c) was improper; 2) The total drug weight attributed was error; 3. Apprendi error.

(g) Did you file a petition for certiorari in the United States Supreme Court? XYes • • No • •

If "Yes," answer the following:

(1) Docket number (if you know): 05-7045

(2) Result: Certiorari Denied

(3) Date of result (if you know): October 19, 2005

(4) Citation to the case (if you know): Abdullah v. United States of America ---S. CT.

(5) Grounds raised: Apprendi error

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

Yes • • No • • X

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: None Filed

(2) Docket number (if you know): Not Applicable

(3) Nature of the proceeding: Not Applicable

(4) Grounds raised: Not Applicable

(5) Did you receive a hearing where evidence was given on your motion, petition, application?

Yes • • No • •

(6) Result: Not Applicable

(7) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: None Filed

(2) Docket number (if you know): Not Applicable

(3) Nature of the proceeding: Not Applicable

(4) Grounds raised: Not Applicable

(5) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes • • No • •

(6) Result: Not Applicable

(7) Date of result (if you know): Not Applicable

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition: Yes • • No • Not Applicable

(2) Second petition: Yes • • No • Not Applicable

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: Not Applicable

12. For this motion, state briefly every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.

Summarize briefly the facts supporting each ground.

**GROUND ONE:**

**KARRIEM ABDULLAH'S CONVICTION WAS OBTAINED BY A DENIAL OF DUE PROCESS, AS ABDULLAH IS ACTUALLY INNOCENT OF THE SENTENCE IMPOSED UPON HIM.**

**STATEMENT OF FACTS:**

Under the fundamental miscarriage of justice exception to the procedural default rule in habeas corpus cases, a procedural default will be excused if the constitutional violation has probably resulted in the conviction of one who is actually innocent. Movant's procedural default of the one (1) year **AEDPA** time limit should be so excused.

The Supreme Court has held that if a petitioner presents evidence of innocence so strong that a Court cannot have confidence in the outcome of the trial unless the Court is

also satisfied that the trial was free of non-harmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims. Schlup V. Delo 513 U.S. 298 (1995)

At bar, Karriem Abdullah submits that he is actually innocent of the sentence of 235 months that he received, inasmuch as the record is devoid of any evidence, indeed there is no evidence, that Abdullah possessed or sold **"crack"** cocaine.

1. **ACTUAL INNOCENCE STANDARD**

To establish that he is "actually innocent," such that a procedural default will be excused, a petitioner must "support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." Id. at 324. The Court, in reviewing this new reliable evidence, must be persuaded that "it is more likely than not that no reasonable juror would have found petitoner guilty beyond a reasonable doubt." Id. at 327 (adopting standard set forth in Murray V. Carrier, 477 U.S. 478, 1986)).

To meet this standard, a petitioner is not bound by traditional rules of admissibility that would govern at trial. 513 U.S. at 327. Rather, "the emphasis on "actual innocence" allows the reviewing tribunal also to consider the probative force of relevant evidence that was either excluded or unavailable at trial." 513 U.S. at 327-28.

Respondent's assertions to the contrary, the new reliable evidence of actual innocence does not necessarily need to be "linked" to a petitioner's procedurally defaulted claims. Although Schlup requires both a showing that there are procedurally defaulted claims and a showing of actual innocence to excuse the default, the Court does not read Schlup to require a showing that the evidence of innocence relates to, or is linked to, the constitutional claims. See e.g. Carriger V. Stewart, 132 F.3d 463 (CA9, 1997) (actual innocence established by government witness' post-trial confession that indeed, it had been he who comitted the murder for which petitioner was convicted; new trial granted based upon constitutional error deriving from government's unrelated Brady violation in failing to provide defense with that witness' Department of Corrections file, which would have shown that

the witness was a pathological liar-evidence which could have impeached the witness' credibility at trial.)

The only post Schlup case in which a link "requirement" has been discussed in the Eastern District of Virginia case of Weeks V. Angelone, 4 F. Supp. 3d 497 (E.D. Va. 1998). Weeks, however, is somewhat on point is that the petitioner was arguing that he was "actually innocent" of the sentence, not the crime, and the district court relied on the pre-Schlup case of Spencer V. Murray, 18 F.3d 229, 236 (CA4, 1994) in determining a link was required.

1. **MOVANT'S SENTENCE WAS ILLEGAL**

The gravamen, indeed quintessential issue herein starts with the issue that movant was sentenced to an enhanced punishment for selling crack cocaine, where there was simply no finding or proof that the substance was "crack cocaine".

In 1993 the definition of "cocaine base" was clarified by the U.S. Sentencing commission and now reads as follows:

> The definition for "cocaine base", for the purposes of this guideline, means "crack". "Crack" is the street name for a form of cocaine base, usually

> prepared by processing cocaine hydrocloride and sodium bicarbonate, and usually appearing in a lumpy, rocklike form.

The Eleventh Circuit Court has held that only cocaine base which is crack should receive the 100:1 sentence enhancement for crack. United States V. Munoz-Realpe, 21 F.3d 375 (11th Cir. 1994).

As stated by the Fifth Circuit in United States V. Doggett, 230 F.3d 160 (5th Cir. 2000) when drug quantity is used to obtain an enhanced sentence, the quantity of drugs is an element of the offense. The Fifth Circuit stated as follows:

> The drug quantity determination is critical to the statutory sentencing provisions in 21 USC § 841. Section 841 consists of two relevant subsections. Section 841 (a) makes it unlawful for any person to manufacture or distribute a controlled substance. Section 841 (b) defines the applicable penalties for violations of § 841 (a) based on the type and quantity of drug, previous convictions, and whether death or serious bodily injury resulted from use of the drug. The structure of § 841 is similar to that described by Justice Thomas in his

concurrence to Apprendi,"if the legislature defines some core crime and then provides for increasing the punishment of that crime upon a finding of some aggravating fact -- of whatever sort -- the core crime and the aggravating fact together constitute an aggravated crime, just as much as grand larceny is an aggravated form of petit larceny. The aggravating fact is an element of the aggravating crime." Apprendi, 530 US at ___, 120 S.Ct. at 2368.

The Statue under which petitioner was sentenced provides in relevant part that 21 USC § 841:

(1)(A) In the case of a [drug offense] involving --...

(ii) 5 Kilograms or more of a mixture or substance containing a detectable amount of --...

(II) Cocaine, its salts, optical and geometric isomers, and salts of isomers;...

(iii) 50 grams or more of a mixture of substance described in clause (ii) which contains cocaine base; ...

such person shall be sentenced to a term of imprisonment which may be less than 10 years or more than life ...

(B) In the case of a [drug offense] involving -- ...

(ii) 500 grams or more of a mixture or substance containing a detectable amount of --...

(II) cocaine, its salts, optical and geometric isomers, and salts of isomers; ...

(iii) 5 grams or more of a mixture or substance described in clause (ii) which contains cocaine base; ...

such person shall be sentenced to a term of imprisonment which may not be less than 5 years and not more then 40 years ...

21 USC § 841 (b). The guidelines also provide for 100:1 weight ratio which effectively punishes "cocaine base" offenses more severely than "cocaine" offenses. See USSG § 2D1.1(c).

Thusly, the Court had to find, based upon evidence in the record, and to a reasonable doubt, that movant possessed **"crack cocaine"**, as opposed to mere cocaine, to allow the 100:1 penalty enhancement.

Parenthetically, this Circuit has taken Judicial notice that there is a difference between cocaine and cocaine base, as there is a difference between cocaine base and "crack" cocaine.

In an unrelated proceeding, Dr. James Woodford was qualified as an expert before an intra-circuit District Court.

During his testimony, Dr. Woodford presented a letter from Roger A. Pauley, Director of the Office of Legislation, Criminal Division, U.S. Depatment of Justice, dated July 1, 1993, to the Hon. WIlliam W. Wilkins, Jr, Chairman of the United States Sentencing Commission. The letter states in pertinent part, as follows:

> The Drug Enforcement Agency has advised me in writing that the above definition is not precise and has no scientific meaning. Expert chemists will not be able to testify definitively that a paticular substance is "crack" and thus, in their view, the definition provided by the Commission is unworkable. At the least it appears that the amendment will, unless further clarified through commentary or changed, generate a large amount of additional litigation, in an area in which the courts were approaching a concensus.

The DOJ letter continues as follows:

> To the extent that "crack" can be defined, according to DEA the relevant distinction from other cocaine base is <u>not</u> the manner of its preparation or its lumpy, rocklike form (as stated in the amendment) but rather that it was intended to be consumed

> through smoking. Cocaine base in the form of paste can be (although it is not normally intended to be) smoked, and if smoked will produce the same or very similar effects as will smoking the substance in rocklike form.

The record below is dehors any laboratory analysis that affirmatively describes the drugs in movant's case as anything other then Cocaine.[1] [In fact, an informant in Movant's case testified that he talked to movant about buying cocaine, and eventually movant got him cocaine (TR 6-107)[2]]

At resentencing, the Court did not make any finding, to any standard, that movant sold "crack". Moreover, the Court's attending probation officer candidly testified that "..we don't know what drugs [movant] was exposed to..." (512)[3] Further, the Pre-Sentence Report does not definitively identify what form of cocaine (or quantity) that movant was actually convicted of possessing with intent to distribute.

---

**1. As the Court is aware, this case was remanded on Direct Appeal for resentencing, as the Court, and not the jury determied Appellant was responsible for 562.4 grams of cocaine base.**

**2. Refers to Trial Testimony below.**

**3. Refers to Sentencing Transcript.**

Likewise, in imposing the prison sentence, in an apparent effort to satisfy the requirements of 18 U.S.C § 3553 (a), the court only adverts to the quantity of drugs involved, **(517)**, and does not explicate that the reason for imposing a maximum 240 month term was movant's possession of crack as opposed to cocaine. The ineluctable conclusion is that the court determined, **sua sponte**, that movant was responsible for "crack" cocaine, irrespective of the fact that here was no forensic or other evidence to support this erroreous determination.

To reiterate, the record is **dehors** any:

1. Forensic test quantitative or qualitative, showing movant possessed "crack cocaine."
2. Expert testimony that the drugs involved were other then simple cocaine or cocaine base, and not "crack cocaine".
3. Movant's admission, or stipulation to possessing "crack cocaine".
4. The government's proof that the substance was smokable [crack cocaine is intended to be consumed by smoking.] United States V. Brisbane, 367 F.3d 910

Quite the opposite, the record is rife with the reference by involved persons that movant could get cocaine ( R105-106); that movant got the informant cocaine (R106-107); that movant, on September 4, 1997 could not sell the informant any cocaine.

Where the evidence at trial does not prove that the substance in the case was smokable and does not prove that it was crack, reversal is required. See: United States v. Brisbane, 367 F. 3d 910 (CA D.C, 2004)

Movant is actually innocent of possessing, with intent to distribute more than 50 grams of crack cocaine, see : United States v. Munoz-Realpe, **Supra id @** 21 F. 3d 375, 376 [only cocaine base that is crack should receive 100:1 sentence enhancements.]

(b) **Direct Appeal of** All Grounds

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes • • No • • X

(2) If you did not raise this issue in your direct appeal, briefly explain why: This issue is properly raised by post-conviction motion.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes • • No • • Not Applicable

(2) If your answer to Question (c)(1) is "Yes," state the type of motion, petition, or application, the name and location of the court where the motion or petition was filed, the case number (if you know), the date of the court's decision, and the result. Attach a copy of the court's opinion or order, if available.

None Filed

(3) Did you receive a hearing on your motion, petition, or application?

Yes • • No • • Not Applicable

(4) Did you appeal from the denial of your motion, petition, or application?

Yes • • No • • Not Applicable

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes • • No • • Not Applicable

(6) If your answer to Question (c)(4) is "Yes," state the name and location of the court where the appeal was filed, the case number (if you know), the date of the court's decision, and the result. Attach a copy of the court's opinion or order, if available.

Not Applicable

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," briefly explain:

Not Applicable

**CONCLUSION**

Based upon the grounds abovesaid, Karriem Abdullah's sentence entered in the above styled and numbered cause must be **VACATED, INSTANTER.**

13. Is there any ground in this motion that has not been presented in some federal court? If so, which ground or grounds have not been presented, and briefly state your reasons for not presenting them: The issue presented herein is properly raised by post-conviction motion, as the record has not been fully developed.

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the judgment you are challenging? Yes • • No • •X

If "Yes," state the name and location of the court, the case number, the type of proceeding, and the issues raised. None Filed

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Jeffery C. Duffey 600 S. Mcdonough Street, Montgomery, AL 36104

(b) At arraignment and plea: See ¶ 15(a)

(c) At trial: See ¶ 15(a)

(d) At sentencing: See ¶ 15(a)

(e) On appeal: See ¶ 15(a)

(f) In any post-conviction proceeding: See ¶ 15(a)

(g) On appeal from any ruling against you in a post-conviction proceeding: None-Filed

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time? X Yes • No •

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes • No • X

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed: Not Applicable

(c) Give the length of the other sentence: Not Applicable

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future? Yes • No • X

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statue of limitations as codified in 28 U.S.C. § 2255 does not bar your motion.

**MOVANT IS ACTUALLY INNOCENT**

The Supreme Court has upheld that the Constitutional rights of criminal defendants are granted to the innocent and guilty alike, and the scope of those rights is not altered -- simply because they are asserted on Federal Habeas Review rather then on direct review. **Schneckloth V. Bustamonte,** 412 US 218, 257 (1973) [Powell, J. concurring] Accord: **Kimmelman V. Morrisson,** 477 US 365, 380 (1986) Indeed, Constitutional protections are not confined to those defendants who are normally blameless. **Jackson V. Virginia,** 443 US 307, 323 (1979).

It is in fact arguable that a habeas corpus petitioner's apparent guilt should heighten, not cut off or diminish, the scrutiny of the procedures by which he was convicted and sentenced. See: e.g, **Schriro v. Summerlin,** 542 US 348, 362 (2004); **Dretke V. Haley,** 541 US 386, 398-399 (2004) [Habeas Corpus is, and has been for centuries a "bulwark against convictions that violate fundamental fairness"];

**Bousley V. United States**, 523 US 614, 620 (1998) [One of the principle functions of habeas corpus is to assure that no man has been incarcerated under a procedure which creates an impermissably large risk that the innocent will be convicted.]; **O'Neal v. Mcaninch**, 512 US 432, 442 (1995) [Basic purposes underlying the Writ of Habeas Corpus include curing an error of Constitutional dimension - the sort that risks an unreliable trial outcome and the consequent conviction of an innocent person.]; **Schlup V. Delo**, 513 US 298, 324-25 (1995) [The individual interest in avoiding injustice is most compelling in context of actual innocence.]; and, see **United States V. Barron**, 172 f.3d 1153, 1161 (CA9, 1999) **(en banc)** [ **28 U.S.C. § 2255** "incorporates the fundamental principle that it is never just to punish a man or woman for an innocent act".]; **Weidner V. Thieret,** 932 f.2d 626, 631 (CA7, 1991) **cert den @** 502 US 1036 (1992).

Herein, Karriem Abdullah is both procedurally and actually innocent of the 235 month term of imprisonment imposed by this Court.

Therefore, Movant asks that the Court vacate the sentence imposed hereinbefore; and that the Court grant such other and further relief as it may deem just and proper.

Karriem Abdullah
Pro Se
Movant

I declare (or certify, verify, or state) under penalty that the foregoing is true and correct and that this Motion Under 28 U.S.C § 2255 was placed in the prison mailing system on November 7, 2007.

Executed(signed) on November 7, 2007, at Forrest City, Arkansas.

Karriem Abdullah
Pro Se
Movant

CLOSED

# U.S. District Court
# Alabama Middle District (Opelika)
# CRIMINAL DOCKET FOR CASE #: 3:97-cr-00225-ID-2
# Internal Use Only

3:07-CV-1000-ID

Case title: USA v. Jones
Magistrate judge case number: 3:97-mj-00082

Date Filed: 10/29/1997
Date Terminated: 10/05/2000

Assigned to: Judge Ira De Ment

Appeals court case numbers:
00-15418-G, 00-15418-GG,
98-6595

**Defendant**

**Karriem Abdullah** (2)
*TERMINATED: 10/05/2000*

represented by **Crowell Pate DeBardeleben**
Pate DeBardeleben Attorney at Law
2835 Zelda Road
Montgomery, AL 36106
334-213-0609
Fax: 270-5983
Email: bedebard@yahoo.com
*TERMINATED: 01/09/1998*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Jeffery C. Duffey**
Law Office of Jeffery C. Duffey
600 S. McDonough St.
Montgomery, AL 36104
334-834-4100
Fax: 834-4101
Email: jcduffey@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Malcolm Rance Newman**
Malcolm R. Newman, PC
P.O. Box 6137
Dothan, AL 36302-6137
(334) 792-2132
Fax: 671-8341

Email: mnewman470@aol.com
*TERMINATED: 06/28/1999*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| **Pending Counts** | **Disposition** |
|---|---|
| 21:846 CONSP. TO POSS. W/INTENT TO DIST & TO DIST COCAINE BASE - NMT $4,000,000; [*]; NLT 10Y, NMT LIFE, B; NLT 5Y SUP REL; VWPA; G-L; $100 SA (1) | IMPRISONMENT FOR TERM OF 292 MOS ON EACH OF COUNTS 1 AND 6, TO BE SERVED CONCURRENTLY; SUP REL FOR TERM OF 5 YRS. ON EACH OF COUNTS 1 AND 6 TO RUN CONCURRENTLY; $200 SA. 10/5/00 RESENTENCED: 235 months imprisonment on each of Counts 1 and 6 to r un concurrently; Court recommends that defendant be designated to a facility here Intensive Residential Substance Abuse Treatment is available; 3 years supervised release on each of Counts 1 and 6 to run concurrently; $100 assessment fee on each of Counts 1 and 6 which is due immediately. |
| 21:841(a)(1) POSS. W/INTENT TO DIST. & DIST. COCAINE BASE - NMT $4,000,000; [*]; NLT 10Y, NMT LIFE, B; NLT 5Y SUP REL; VWPA; G-L; $100 SA (6) | IMPRISONMENT FOR TERM OF 292 MOS ON EACH OF COUNTS 1 AND 6, TO BE SERVED CONCURRENTLY; SUP REL FOR TERM OF 5 YRS. ON EACH OF COUNTS 1 AND 6 TO RUN CONCURRENTLY; $200 SA. 10/5/00 RESENTENCED: 235 months imprisonment on each of Counts 1 and 6 to r un concurrently; Court recommends that defendant be designated to a facility here Intensive Residential Substance Abuse Treatment is available; 3 years supervised release on each of Counts 1 and 6 to run concurrently; $100 assessment fee on each of Counts 1 and 6 which is due immediately. |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
| --- | --- |
| 21:841(a)(1) POSS. W/INTENT TO DIST. & DIST. COCAINE BASE - NMT $4,000,000; [*]; NLT 10Y, NMT LIFE, B; NLT 5Y SUP REL; VWPA; G-L; $100 SA (5) | Acquitted |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
| --- | --- |
| None | |

---

**Plaintiff**

**United States of America**

represented by **Kent B. Brunson**
U.S. Attorney's Office
PO Box 197
Montgomery, AL 36101-0197
334-223-7280
Fax: 223-7560
Email: Kent.Brunson@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Laura F. Wright**
Montgomery, AL 36101
*TERMINATED: 09/20/2000*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
| --- | --- | --- |
| 09/25/1997 | 1 | COMPLAINT as to Jeffrey Lamar Jones, Karriem Abdullah [ 3:97-m -82 ] (dkt clerk) (Entered: 09/25/1997) |
| 09/25/1997 | 3 | Arrest WARRANT issued as to Karriem Abdullah [ 3:97-m -82 ] (dkt clerk) (Entered: 09/25/1997) |
| 09/25/1997 | | Initial appearance as to Jeffrey Lamar Jones, Karriem Abdullah held before Mag. Judge Charles S. Coody on 9/25/97 ;Preliminary |

| | | |
|---|---|---|
| | | Examination set for 4:00 9/29/97 for Jeffrey Lamar Jones, for Karriem Abdullah at Third Floor Courtroom ; Detention Hearing set for 4:00 9/29/97 for Jeffrey Lamar Jones, for Karriem Abdullah at Third Floor Courtroom (Defendant informed of rights.) [ 3:97-m -82 ] (dkt clerk) (Entered: 09/25/1997) |
| 09/25/1997 | 5 | CJA 23 FINANCIAL AFFIDAVIT by Karriem Abdullah [ 3:97-m -82 ] (dkt clerk) (Entered: 09/25/1997) |
| 09/25/1997 | 6 | MOTION by USA as to Jeffrey Lamar Jones, Karriem Abdullah for Detention Hearing [6-1] referred to Mag. Judge Charles S. Coody [ 3:97-m -82 ] (dkt clerk) (Entered: 09/25/1997) |
| 09/25/1997 | 8 | Courtroom Deputy's Minutes as to Karriem Abdullah: RE: Initial Appearance [ 3:97-m -82 ] (dkt clerk) (Entered: 09/25/1997) |
| 09/25/1997 | | (Court only) **Added Government Attorney Laura L. Forehand as to Jeffrey Lamar Jones, Karriem Abdullah [ 3:97-m -82 ] (dkt clerk) (Entered: 09/25/1997) |
| 09/26/1997 | | Preliminary Examination as to Jeffrey Lamar Jones, Karriem Abdullah set for 4:00 9/29/97 for Jeffrey Lamar Jones, for Karriem Abdullah at Third Floor Courtroom before Mag. Judge Charles S. Coody [ 3:97-m -82 ] (dkt clerk) (Entered: 09/26/1997) |
| 09/26/1997 | 9 | ORDER of Temporary Detention as to Jeffrey Lamar Jones, Karriem Abdullah Detention Hearing set for 4:00 9/29/97 for Jeffrey Lamar Jones, for Karriem Abdullah at Third Floor Courtroom Preliminary Examination set for 4:00 9/29/97 for Jeffrey Lamar Jones, for Karriem Abdullah ( Signed by Mag. Judge Charles S. Coody ) Copies mailed to: counsel, Copies furnished to: FDP, USA, USM, USPTS, Marie [ 3:97-m -82 ] (dkt clerk) (Entered: 09/26/1997) |
| 09/26/1997 | 11 | CJA 20 as to Karriem Abdullah : Appointment of Attorney Crowell Pate DeBardeleben Voucher # 0777832 ( Signed by Mag. Judge Charles S. Coody ) , Copies furnished to: counsel [ 3:97-m -82 ] (dkt clerk) (Entered: 09/29/1997) |
| 09/26/1997 | 12 | Arrest WARRANT Returned Executed as to Karriem Abdullah on 9/25/97 [ 3:97-m -82 ] (dkt clerk) (Entered: 09/29/1997) |
| 09/29/1997 | | Preliminary Examination as to Jeffrey Lamar Jones, Karriem Abdullah held before Mag. Judge Charles S. Coody on 9/29/97 [ 3:97-m -82 ] (dkt clerk) (Entered: 09/30/1997) |
| 09/29/1997 | | Detention hearing as to Jeffrey Lamar Jones, Karriem Abdullah held before Mag. Judge Charles S. Coody on 9/29/97 [ 3:97-m -82 ] (dkt clerk) (Entered: 09/30/1997) |
| 09/29/1997 | 15 | Courtroom Deputy's Minutes as to Karriem Abdullah: Re: Preliminary/Detention Hearing [ 3:97-m -82 ] (dkt clerk) (Entered: 09/30/1997) |

| | | |
|---|---|---|
| 09/30/1997 | 17 | ORDER as to Karriem Abdullah, that, the court having found probabel cause, the defendant be held to answer the charges against him in this court. ( Signed by Mag. Judge Charles S. Coody ) Copies mailed to: counsel, Copies furnished to: FDP, USA, USM, USPTS [ 3:97-m -82 ] (dkt clerk) (Entered: 09/30/1997) |
| 09/30/1997 | 19 | DETENTION ORDER as to Karriem Abdullah ( Signed by Mag. Judge Charles S. Coody ) Copies mailed to: counsel, Copies furnished to: FDP, USA, USM, USPTS [ 3:97-m -82 ] (dkt clerk) (Entered: 09/30/1997) |
| 10/01/1997 | 20 | MOTION by Karriem Abdullah for preliminary hearing transcript [20-1] referred to Mag. Judge Charles S. Coody [ 3:97-m -82 ] (dkt clerk) (Entered: 10/02/1997) |
| 10/06/1997 | 21 | MOTION (treated as Notice of Appeal of Detention Order) by Karriem Abdullah for prompt review and revocation of detention order [exhibit attached] [21-1] referred to Mag. Judge Charles S. Coody; referrred to Judge Thompson. [ 3:97-m -82 ] (sql) Modified on 10/09/1997 (Entered: 10/06/1997) |
| 10/06/1997 | 22 | ORDER as to Karriem Abdullah denying [20-1] motion for preliminary hearing transcript as to Karriem Abdullah (2), without prejudice. ( Signed by Mag. Judge Charles S. Coody ) Copies mailed to: Counsel, Copies furnished to: USA, USM, USPO, USPTS, ACE [ 3:97-m -82 ] (nhr) (Entered: 10/07/1997) |
| 10/17/1997 | 23 | ORDER as to Karriem Abdullah, Motion hearing set for 8:00 10/22/97 for Karriem Abdullah before Judge Myron H. Thompson in Second Floor Courtroom re: [21-1] motion for prompt review and revocation of detention order [exhibit attached] ; DIRECTING the clerk of the court to notify counsel by telephone. ( Signed by Judge Myron H. Thompson ) Copies mailed to: Counsel, Defendant, Copies furnished to: USA, USPO, USPTS, Marie & Tim [ 3:97-m -82 ] (dkt clerk) (Entered: 10/17/1997) |
| 10/21/1997 | 24 | ORDER as to Karriem Abdullah, Motion hearing reset for 8:00 10/23/97 for Karriem Abdullah before Judge Myron H. Thompson in Second Floor Courtroom re: [21-1] motion for prompt review and revocation of detention order [exhibit attached] ; that the Clerk of the court is DIRECTED to notify counsel by telephone. ( Signed by Judge Myron H. Thompson ) Copies mailed to: Counsel, Copies furnished to: USA, USM, USPO, USPTS, MARIE, TIM, HELEN (Both counsel notified by phone, this date). [ 3:97-m -82 ] (nhr) (Entered: 10/21/1997) |
| 10/23/1997 | | Motion hearing held before Judge Myron H. Thompson as to Karriem Abdullah re: [21-1] motion for prompt review and revocation of detention order. (Mitchell Reisner, Ct. Rptr.) [ 3:97-m -82 ] (dkt clerk) Modified on 05/04/1998 (Entered: 10/23/1997) |

| | | |
|---|---|---|
| 10/23/1997 | 25 | Courtroom Deputy's Minutes as to Karriem Abdullah: Hearing on review of detention order held. [ 3:97-m -82 ] (dkt clerk) Modified on 10/28/1997 (Entered: 10/23/1997) |
| 10/23/1997 | 26 | ORDER as to Karriem Abdullah; that the Clerk of the Court make appropriate financial arrangements for the preparation of the transcript of the detention hearing held on September 29, 1997, in this case. ( Signed by Judge Myron H. Thompson ) Copies mailed to: Counsel, Defendant, Copies furnished to: USA, USPO [ 3:97-m -82 ] (dkt clerk) (Entered: 10/23/1997) |
| 10/27/1997 | | TRANSCRIPT filed [Betty Murphree] as to Karriem Abdullah for dates of September 29, 1997 Preliminary/Detention Hearing before Hon. Charles S. Coody. referred to Judge Thompson. [ 3:97-m -82 ] (dkt clerk) (Entered: 10/27/1997) |
| 10/27/1997 | 27 | Supplemental Pretrial Services Report as to Karriem Abdullah. Referred to Judge Thompson. (Fax) [ 3:97-m -82 ] (nhr) (Entered: 10/27/1997) |
| 10/28/1997 | 28 | ORDER as to Karriem Abdullah terminating [21-1] motion for prompt review and revocation of detention order (treated as a Notice of Appeal) [exhibit attached] as to (1698816) Karriem Abdullah (1); affirming [17-1] order of the magistrate judge entered on September 30, 1997 that, the court having found probabel cause, the defendant be held to answer the charges against him in this court, as to Karriem Abdullah (2); that defendant Abdullah shall be committed to the custody of the Attorney General of the United States or her authorized representative for confinement in a corrections facility under the following conditions: (a) His confinement shall be separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; (b) He shall be afforded resonable consultation with his counsel; and (c) On order of a court of the United States or at the request of an attorney for the government, persons in charge of the corrections facility shall deliver defendant Abdullah to a United States Marshall for the purpose of an appearance in connection with a court proceeding. ( Signed by Judge Myron H. Thompson ) Copies mailed to: Counsel, Defendant, Copies furnished to: USA, USPO, USPTS, USM [ 3:97-m -82 ] (dkt clerk) (Entered: 10/28/1997) |
| 10/29/1997 | 29 | INDICTMENT as to Jeffrey Lamar Jones (1) count(s) 1, 2-4, 5-6, Karriem Abdullah (2) count(s) 1, 5-6 (dkt clerk) (Entered: 10/31/1997) |
| 10/29/1997 | 30 | ORDER DIRECTING the U.S. Marshal to produce defendants at arraignment on 11/12/97 as to Jeffrey Lamar Jones, Karriem Abdullah, set Arraignment for at 10:00 11/12/97 for Jeffrey Lamar Jones, for Karriem Abdullah for Second Floor Courtroom before Judge John L. Carroll in Second Floor Courtroom ( Signed by Mag. |

| | | |
|---|---|---|
| | | Judge John L. Carroll ) , Copies furnished to: PO, PTSO, USM (dkt clerk) (Entered: 10/31/1997) |
| 10/30/1997 | | (Court only) **Added Government Attorney Laura L. Forehand as to Jeffrey Lamar Jones, Karriem Abdullah (dkt clerk) (Entered: 10/31/1997) |
| 10/30/1997 | | Magistrate Judge John L. Carroll assigned to case for discovery matters as well as matters subsequently referred by District Judge Ira De Ment . (dkt clerk) (Entered: 10/31/1997) |
| 10/30/1997 | | (Court only) **Added party Jeffery Lamar Jones. ADDRESS: Montgomery City Jail, P.O. Drawer 159, Montgomery, AL 36101. (dkt clerk) (Entered: 10/31/1997) |
| 10/30/1997 | | (Court only) **Added party Karriem Abdullah. ADDRESS: Montgomery City Jail, P.O. Drawer 159, Montgomery, AL 36101 (dkt clerk) (Entered: 10/31/1997) |
| 10/31/1997 | 32 | ARRAIGNMENT NOTICE as to Karriem Abdullah ; Arraignment at 10:00 11/12/97 for Karriem Abdullah at Second Floor Courtroom before Mag. Judge John L. Carroll ; ARRAIGNMENT Notice sent to ATTORNEYS Crowell Pate DeBardeleben for defendant Karriem Abdullah, Laura L. Forehand for plaintiff USA; furn. to USM, PO, PTSO; mailed to defendant (dkt clerk) (Entered: 10/31/1997) |
| 11/04/1997 | 33 | MOTION by Karriem Abdullah for Preliminary Hearing Transcripts [33-1] referred to Mag. Judge John L. Carroll (nhr) (Entered: 11/05/1997) |
| 11/04/1997 | 34 | MOTION by Karriem Abdullah for Discovery, Inspection and Production of Evidence favorable to defendant [34-1] referred to Mag. Judge John L. Carroll, [34-2] referred to Mag. Judge John L. Carroll (nhr) (Entered: 11/05/1997) |
| 11/12/1997 | | ARRAIGNMENT as to Jeffrey Lamar Jones, Karriem Abdullah held before Mag Judge Vanzetta P. McPherson on 11/12/97 Defendant(s) appeared with counsel and after having been advised of Defendant(s') rights, entered a plea of not guilty. (snc) (Entered: 11/17/1997) |
| 11/12/1997 | | PLEA of Not Guilty: Jeffrey Lamar Jones (1) count(s) 1, 2-4, 5-6, Karriem Abdullah (2) count(s) 1, 5-6 ; Court accepts plea. (snc) (Entered: 11/17/1997) |
| 11/12/1997 | 36 | Courtroom Deputy's Minutes of Arraignment as to Karriem Abdullah : Mitchell Reisner, Court Reporter (snc) (Entered: 11/17/1997) |
| 11/14/1997 | 38 | ORDER on Arraignment as to Karriem Abdullah directing that Discovery is due on or before 11/19/97; Pretrial Motions due by 11/26/97, with government's written response to due within 5 days of date of filing; Pretrial Conference set 11:15 12/4/97 In |

| | | |
|---|---|---|
| | | Chambers before Mag. Judge John L. Carroll; Jury Trial set 1/5/98; any requested voir dire questions and jury instructions must be filed no later than ONE week (12/29/97) before jury selection. ( Signed by Mag. Judge L. Carroll ) Copies mailed to: deft and counsel, Copies furnished to: USA, USM, USPO, USPTSO, MT, RL, SL, CC (snc) (Entered: 11/17/1997) |
| 11/14/1997 | | Deadline updated/set as to Jeffrey Lamar Jones, Karriem Abdullah, setting Jury Selection for 10:00 1/5/98 at U.S. Courthouse before Judge Ira De Ment , setting Jury Trial on 10:00 1/5/97 before Judge Ira De Ment in U.S. Courthouse , setting proposed jury instructions due on 12/29/97 , and setting voir dire questions due on 12/29/97 (snc) (Entered: 11/17/1997) |
| 11/18/1997 | 39 | MOTION by Karriem Abdullah for Bill of Particulars [39-1] referred to Mag. Judge John L. Carroll (nhr) (Entered: 11/19/1997) |
| 11/18/1997 | 40 | MOTION by Karriem Abdullah for Grand Jury Transcript [40-1] referred to Mag. Judge John L. Carroll (nhr) (Entered: 11/19/1997) |
| 11/26/1997 | 42 | RESPONSE by USA as to Karriem Abdullah re [40-1] motion for Grand Jury Transcript referred to Mag. Judge John L. Carroll (nhr) (Entered: 12/01/1997) |
| 11/26/1997 | 43 | RESPONSE by USA as to Karriem Abdullah re [39-1] motion for Bill of Particulars referred to Mag. Judge John L. Carroll (nhr) (Entered: 12/01/1997) |
| 12/03/1997 | 45 | NOTICE of Appearance for Karriem Abdullah by Attorney Malcolm Rance Newman (retained counsel) (nhr) (Entered: 12/04/1997) |
| 12/08/1997 | 59 | MOTION by Karriem Abdullah for Crowell Pate DeBardeleben to Withdraw as Attorney [59-1] referred to Mag. Judge John L. Carroll (nhr) (Entered: 12/08/1997) |
| 12/10/1997 | | Deadline updated as to Jeffrey Lamar Jones, Karriem Abdullah, reset Jury Trial on 10:00 1/6/98 for Jeffrey Lamar Jones, for Karriem Abdullah before Judge Ira De Ment in First Floor Courtroom , reset Jury Selection for for 10:00 1/6/98 for Jeffrey Lamar Jones, for Karriem Abdullah at First Floor Courtroom before Judge Ira De Ment in First Floor Courtroom (dkt clerk) (Entered: 12/10/1997) |
| 12/10/1997 | 63 | TRIAL NOTICE as to Karriem Abdullah ; Trial set for 10:00 1/6/98 for Karriem Abdullah at First Floor Courtroom ; TRIAL Notice to ATTORNEYS Malcolm Rance Newman for defendant Karriem Abdullah, Crowell Pate DeBardeleben for defendant Karriem Abdullah, Laura L. Forehand for plaintiff USA ; Clothing Notice mailed. (dkt clerk) (Entered: 12/10/1997) |
| 12/19/1997 | | U. S. Marshal's Notice of prisoner's arrival in the Middle District of Alabama - prisoner: Derrick L. O'Neal. (nhr) (Entered: 01/06/1998) |

| | | |
|---|---|---|
| 12/22/1997 | 70 | Marshal's return on U.S. Attorney's special request for production of Derick L. O'Neal executed 12/18/97 by delivering Mr. O'Neal to the Montgomery City Jail. (dkt clerk) (Entered: 12/22/1997) |
| 12/24/1997 | 74 | Government's Proffer of and NOTICE of Intent to Offer Evidence of Similar Acts Under Rule 404(b) of The Federal Rules of Evidence as to Jeffrey Lamar Jones, Karriem Abdullah (nhr) (Entered: 12/29/1997) |
| 12/29/1997 | 75 | ORDER as to Karriem Abdullah denying [40-1] motion for Grand Jury Transcript as to Karriem Abdullah (2) ( Signed by Mag. Judge John L. Carroll ) Copies mailed to: counsel, Copies furnished to: counsel (dkt clerk) (Entered: 12/29/1997) |
| 12/29/1997 | 76 | ORDER as to Karriem Abdullah denying [33-1] motion for Preliminary Hearing Transcripts as to Karriem Abdullah (2) ( Signed by Mag. Judge John L. Carroll ) Copies mailed to: counsel, Copies furnished to: FDP, USA, USM, USPTS (dkt clerk) (Entered: 12/29/1997) |
| 12/29/1997 | 77 | ORDER as to Karriem Abdullah denying [34-1] motion for Discovery, Inspection as to Karriem Abdullah (2) ( Signed by Mag. Judge John L. Carroll ) Copies mailed to: counsel, Copies furnished to: FDP, USA, USM, USPTS (dkt clerk) (Entered: 12/29/1997) |
| 12/29/1997 | 78 | ORDER as to Karriem Abdullah denying [39-1] motion for Bill of Particulars as to Karriem Abdullah (2) ( Signed by Mag. Judge John L. Carroll ) Copies mailed to: counsel, Copies furnished to: FDP, USA, USM, USPTS (dkt clerk) (Entered: 12/29/1997) |
| 12/29/1997 | 83 | Requested Voir Dire Questions by USA as to Jeffrey Lamar Jones, Karriem Abdullah (nhr) (Entered: 12/30/1997) |
| 12/29/1997 | 84 | Proposed Jury Instructions by USA as to Jeffrey Lamar Jones, Karriem Abdullah (Nos. 1 - 20) (nhr) (Entered: 12/30/1997) |
| 01/06/1998 | 93 | Courtroom Deputy's Minutes of 1/6/98 in chambers conference as to Jeffrey Lamar Jones, Karriem Abdullah : Court Reporter present was Mitchell Reisner. Court grants Ms. Freeman's motion to withdraw and continues the trial of this case. (These rulings to be followed up in written order.) (dkt clerk) (Entered: 01/06/1998) |
| 01/09/1998 | | STAMPED ORDER as to Karriem Abdullah granting [59-1] motion for Crowell Pate DeBardeleben to Withdraw as Attorney (Terminated attorney Crowell Pate DeBardeleben for Karriem Abdullah (2) ( Entered by Mag. Judge John L. Carroll ) Copies mailed to: Counsel Newman; atty. DeBardeleben; Copies furnished to: USA, USM, USPO, USPTS, Ridge Lent. (nhr) (Entered: 01/09/1998) |
| 01/09/1998 | 96 | ORDER as to Karriem Abdullah MODIFYING 1/7/98 to include defendant Abdullah in the continuance of the trial to 2/2/98, reset |

| | | |
|---|---|---|
| | | Jury Trial on 10:00 2/2/98 for Karriem Abdullah before Judge Ira De Ment in U.S. Courthouse , reset Jury Selection for for 10:00 2/2/98 for Karriem Abdullah at U.S. Courthouse before W. H. Albritton III in U.S. Courthouse ( Signed by Judge Ira De Ment ) Copies mailed to: counsel, Copies furnished to: USA, PO, PTSO, USM, MT, EL, CC (dkt clerk) Modified on 01/09/1998 (Entered: 01/09/1998) |
| 01/09/1998 | | (Court only) **Terminated deadlines as to Jeffrey Lamar Jones, Karriem Abdullah (dkt clerk) (Entered: 01/09/1998) |
| 01/12/1998 | 97 | ORDER as to Jeffrey Lamar Jones, Karriem Abdullah, set voir dire questions due on 1/26/98 for Jeffrey Lamar Jones, for Karriem Abdullah , set proposed jury instructions due on 1/26/98 for Jeffrey Lamar Jones, for Karriem Abdullah; that trial exhbits are to be premarked prior to trial ( Signed by Judge Ira De Ment ) Copies mailed to: counsel, Copies furnished to: USA (dkt clerk) (Entered: 01/12/1998) |
| 01/23/1998 | 99 | ORDER as to Jeffrey Lamar Jones, Karriem Abdullah granting [98-1] motion to continue 2/2/98 trial; waiver of speedy trial attached as to Jeffrey Lamar Jones (1), to Continue in Interests of Justice Time Excluded from 1/23/98 to 5/11/98 , reset Jury Selection for for 10:00 5/11/98 for Jeffrey Lamar Jones, for Karriem Abdullah at U.S. Courthouse before Judge Lyle E. Strom in U.S. Courthouse , and reset Jury Trial on 10:00 5/11/98 for Jeffrey Lamar Jones, for Karriem Abdullah before Judge Lyle E. Strom in U.S. Courthouse ; that defendant Karriem Abdullah is Ordered to file his Waiver of Speedy Trial on or before January 30, 1998. ( Signed by Judge Ira De Ment ) Copies mailed to: Counsel, defendants, Copies furnished to: USA, USM, USPO, USPTS, MARIE, RIDGE & CINDY (nhr) (Entered: 01/26/1998) |
| 01/26/1998 | 100 | NOTICE that the U. S. Government requests that the requested jury instructions and voir dire questions previously filed on 12/29/97, be given to the jury in this case as to Jeffrey Lamar Jones, Karriem Abdullah. Referred to Judge DeMent. (nhr) (Entered: 01/26/1998) |
| 01/30/1998 | 101 | WAIVER of Speedy Trial by Karriem Abdullah. Referred to Judge DeMent. (nhr) (Entered: 01/30/1998) |
| 01/30/1998 | 102 | MOTION/Petition by Karriem Abdullah for Release from Custody upon secured appearance Bond [102-1] referred to Mag. Judge John L. Carroll (nhr) (Entered: 01/30/1998) |
| 02/02/1998 | 103 | ORDER as to Karriem Abdullah, Response to Motion reset for 2/9/98 for Karriem Abdullah for [102-1] motion for Release from Custody upon secured appearance Bond ( Signed by Mag. Judge John L. Carroll ) Copies mailed to: counsel, Copies furnished to: USA, PTSO (dkt clerk) (Entered: 02/02/1998) |

| | | |
|---|---|---|
| 02/02/1998 | 104 | RESPONSE by USA as to Karriem Abdullah re [102-1] motion for Release from Custody upon secured appearance Bond referred to Mag. Judge John L. Carroll (dkt clerk) (Entered: 02/02/1998) |
| 02/02/1998 | | (Court only) **Terminated deadlines as to Karriem Abdullah (dkt clerk) (Entered: 02/02/1998) |
| 02/06/1998 | 105 | ORDER as to Karriem Abdullah denying [102-1] motion for Release from Custody upon secured appearance Bond as to Karriem Abdullah (2) ( Signed by Mag. Judge John L. Carroll ) Copies mailed to: counsel, Copies furnished to: USA, PTSO, PO, USM (dkt clerk) (Entered: 02/06/1998) |
| 02/19/1998 | 106 | CJA 20 Authorization to pay Crowell Pate DeBardeleben for defendant Karriem Abdullah , Amount: $ 2,779.22 Voucher # 0777832 ( Signed by Judge Ira De Ment ) Copies mailed to: counsel, (sql) (Entered: 02/19/1998) |
| 03/31/1998 | 107 | TRIAL NOTICE as to Karriem Abdullah ; Trial set for 10:00 5/11/98 for Karriem Abdullah at First Floor Courtroom ; TRIAL Notice to ATTORNEYS Malcolm Rance Newman for defendant Karriem Abdullah, Laura F. Wright for plaintiff USA ; Clothing Notice mailed. Copies furn. to USM, PO, PTSO, mailed to defendant. (dkt clerk) (Entered: 03/31/1998) |
| 03/31/1998 | | Notice to retained criminal defense counsel mailted to Malcolm R. Newman. (dkt clerk) (Entered: 03/31/1998) |
| 04/30/1998 | | (Court only) **Terminated document(s) as to Jeffrey Lamar Jones, Karriem Abdullah : terminating [91-2] motion for audibility Hearing as to Jeffrey Lamar Jones (1) (dkt clerk) (Entered: 04/30/1998) |
| 05/04/1998 | 114 | Requested Voir Dire Questions by USA as to Jeffrey Lamar Jones, Karriem Abdullah (nhr) (Entered: 05/04/1998) |
| 05/04/1998 | 115 | Proposed Jury Instructions by USA as to Jeffrey Lamar Jones, Karriem Abdullah (instructions filed on 12/29/97) (nhr) (Entered: 05/04/1998) |
| 05/11/1998 | | Voir dire begun as to Jeffrey Lamar Jones (1) count(s) 1, 2-4, 5-6, Karriem Abdullah (2) count(s) 1, 5-6 (dkt clerk) (Entered: 05/13/1998) |
| 05/11/1998 | | Jury selection as to Jeffrey Lamar Jones, Karriem Abdullah held before Judge Lyle E. Strom on 5/11/98. Court Reporter: MITCHELL REISNER. (dkt clerk) (Entered: 05/13/1998) |
| 05/13/1998 | | Jury trial as to Jeffrey Lamar Jones, Karriem Abdullah set for 10:00 5/18/98 for Jeffrey Lamar Jones, for Karriem Abdullah at First Floor Courtroom before Judge Ira De Ment (dkt clerk) (Entered: 05/13/1998) |
| 05/18/1998 | | Jury trial as to Jeffrey Lamar Jones, Karriem Abdullah commences before Judge Ira De Ment on 5/18/98. Court Reporter: James R. |

| | | |
|---|---|---|
| | | Dickens. (dkt clerk) (Entered: 05/20/1998) |
| 05/19/1998 | | Jury trial as to Jeffrey Lamar Jones, Karriem Abdullah resumes before Judge Ira De Ment on 5/19/98 (dkt clerk) (Entered: 05/20/1998) |
| 05/19/1998 | | MOTION in open court by Karriem Abdullah for Judgment of Acquittal as to count 1 at the conclusion of the government's case. (dkt clerk) (Entered: 05/20/1998) |
| 05/19/1998 | | ORAL ORDER as to Karriem Abdullah denying [0-0] oral motion for Judgment of Acquittal as to count 1 at the conclusion of the government's case as to Karriem Abdullah (2) ( Entered by Judge Ira De Ment ) (dkt clerk) (Entered: 05/20/1998) |
| 05/21/1998 | | Jury trial as to Jeffrey Lamar Jones, Karriem Abdullah resumes before Judge Ira De Ment on 5/21/98 (dkt clerk) (Entered: 05/21/1998) |
| 05/21/1998 | 119 | Jury notes filed as to Jeffrey Lamar Jones, Karriem Abdullah (dkt clerk) (Entered: 05/22/1998) |
| 05/21/1998 | 121 | JURY VERDICT of Guilty: Karriem Abdullah (2) count(s) 1, 6 , Not Guilty: Karriem Abdullah (2) count(s) 5 (dkt clerk) (Entered: 05/22/1998) |
| 05/21/1998 | 123 | ORDER as to Karriem Abdullah, set Sentencing for 9:00 7/29/98 for Karriem Abdullah at U.S. Courthouse before Judge Ira De Ment in U.S. Courthouse; that objections to the PSI Report shall be made in writing to the probation officer on or before 7/8/98; scheduling a meeting for the parties with the probation officer for 11:00 a.m. on 7/9/98 ( Signed by Judge Ira De Ment ) Copies mailed to: counsel, defendant, Copies furnished to: USA, PO, PTSO, USM, MT (dkt clerk) (Entered: 05/22/1998) |
| 05/22/1998 | 124 | Courtroom Deputy's Minutes of 5/11/98 jury selection and 5/18/98 jury trial with lists of witnesses and exhibits attached as to Jeffrey Lamar Jones, Karriem Abdullah. (Sensitive exhibits - drugs, ammunition and guns returned to the U.S. Attorney at the conclusion of the trial - other exhibits are in the 2nd floor exhibit room.) Court Reporter for Jury selection was Mitchell Reisner; Court Reporter for the trial was James R. Dickens. : (dkt clerk) (Entered: 05/22/1998) |
| 05/28/1998 | 125 | MOTION by Karriem Abdullah for New Trial. (Attachment) [125-1] referred to Judge Ira De Ment (dkt clerk) (Entered: 05/28/1998) |
| 05/29/1998 | 127 | ORDER as to Karriem Abdullah, defendant's Response (Brief) to Motion set for 6/8/98 for Karriem Abdullah for [125-1] motion for New Trial. (Attachment) , Government's Reply brief to Response to Motion reset 6/15/98 for Karriem Abdullah for [125-1] motion for New Trial. (Attachment) ( Signed by Judge Ira De Ment ) mailed to: counsel, Copies furnished to: USA, PO (dkt clerk) (Entered: |

| | | |
|---|---|---|
| | | 05/29/1998) |
| 06/05/1998 | 130 | MOTION by Karriem Abdullah to Extend Time to file brief [130-1] referred to Judge Ira De Ment (nhr) (Entered: 06/05/1998) |
| 06/08/1998 | 131 | ORDER as to Karriem Abdullah granting [130-1] motion to Extend Time to file brief as to Karriem Abdullah (2), Response to Motion reset for 6/15/98 for Karriem Abdullah for [125-1] motion for New Trial. (Attachment) , Reply to Response to Motion reset for 6/22/98 for Karriem Abdullah for [125-1] motion for New Trial. (Attachment) ( Signed by Judge Ira De Ment ) Copies mailed to: counsel, Copies furnished to: USA, PO, PTSO (dkt clerk) (Entered: 06/08/1998) |
| 06/12/1998 | 133 | AMENDED MOTION with Memorandum in Support by Karriem Abdullah for New Trial (Exhibit 1 attached.) [133-1] referred to Judge Ira De Ment (dkt clerk) Modified on 06/12/1998 (Entered: 06/12/1998) |
| 06/22/1998 | 135 | RESPONSE by USA as to Karriem Abdullah re [133-1] motion for New Trial (Exhibit 1 attached.), [125-1] motion for New Trial. (Attachment) referred to Judge Ira De Ment (nhr) (Entered: 06/25/1998) |
| 06/26/1998 | 137 | SENTENCING NOTICE as to Karriem Abdullah ; Sentencing set for 9:00 7/29/98 for Karriem Abdullah at First Floor Courtroom ; SENTENCING Notice sent to ATTORNEYS Malcolm Rance Newman for defendant Karriem Abdullah, Laura F. Wright for plaintiff USA ; Copies furnished to: USA, PO, PTSO; MAILED TO DEFT. (dkt clerk) (Entered: 06/26/1998) |
| 06/30/1998 | 138 | ORDER as to Karriem Abdullah denying [133-1]amended motion for New Trial (Exhibit 1 attached.) as to Karriem Abdullah (2), denying [125-1] motion for New Trial. (Attachment) as to Karriem Abdullah (2) ( Signed by Judge Ira De Ment ) mailed to: counsel, Copies furnished to: USA, PO (dkt clerk) (Entered: 06/30/1998) |
| 07/08/1998 | | Excerpt TRANSCRIPT of the testimoney of Jeffrrey Lamar Jones filed in case as to Jeffrey Lamar Jones, Karriem Abdullah for dates of 5/21/98 (James R. Dickens, Court Reporter.) (dkt clerk) (Entered: 07/08/1998) |
| 07/29/1998 | | Sentencing held before Judge Ira De Ment on 7/29/98 Karriem Abdullah (2) count(s) 1, 6. Court Reporter: James R. Dickens. (dkt clerk) (Entered: 07/30/1998) |
| 07/29/1998 | 143 | ORDER as to Karriem Abdullah, Sealing the PSI Report; that if an appeal is taken, the Report shall be transmitted to the appellate court under seal ( Signed by Judge Ira De Ment ) Copies mailed to: counsel, Copies furnished to: USA, PO (dkt clerk) (Entered: 07/30/1998) |
| 07/29/1998 | 144 | PRESENTENCE INVESTIGATION REPORT (Sealed) as to Karriem Abdullah (dkt clerk) (Entered: 07/30/1998) |

| | | |
|---|---|---|
| 07/29/1998 | 145 | Courtroom Deputy's Minutes of 7/29/98 sentencing hearing as to Karriem Abdullah with exhibit and witness list attached. (Government's oral motion for 2 level enchancement for obstruction of justice at sentencing was denied.) : (dkt clerk) (Entered: 07/30/1998) |
| 07/31/1998 | 148 | JUDGMENT Karriem Abdullah (2) counts 1, 6 - IMPRISONMENT FOR TERM OF 292 MOS ON EACH OF COUNTS 1 AND 6, TO BE SERVED CONCURRENTLY; SUP REL FOR TERM OF 5 YRS. ON EACH OF COUNTS 1 AND 6 TO RUN CONCURRENTLY; $200 SA EOD: 7/31/98 ( Signed by Judge Ira De Ment ) Copies mailed to: Counsel, defendant, Copies furnished to: USA, USM, USPO, USPTS, RIDGE; financial clerk; voter registrar; copy placed in J & C book. (VACATED per 9/18/00 Order - to be resentenced 10/4/00.) (nhr) Modified on 09/18/2000 (Entered: 07/31/1998) |
| 07/31/1998 | | (Court only) **Case closed as to Jeffrey Lamar Jones, Karriem Abdullah (all defendants). (nhr) (Entered: 07/31/1998) |
| 08/05/1998 | 149 | Defendant's pro se ojection to revised P.S.I. Report. (dkt clerk) (Entered: 08/11/1998) |
| 08/07/1998 | 150 | NOTICE OF APPEAL by Karriem Abdullah (2) count(s) 1, 6 to U.S. Circuit Court of Appeals, 11th Circuit, Copies mailed to: Counsel, USCA & Court Reporter, Copies furnished to: USA, USPO (kcg) Modified on 08/11/1998 (Entered: 08/07/1998) |
| 08/07/1998 | 151 | MOTION by Karriem Abdullah to Proceed on appeal in Forma Pauperis ,(with affidavit in support attached) and for Appointment of Counsel [151-1] referred to Judge Ira De Ment, [151-2] referred to Judge Ira De Ment (kcg) Modified on 07/15/1999 (Entered: 08/07/1998) |
| 08/11/1998 | | (Court only) **Reset last document number to 151 (dkt clerk) (Entered: 08/11/1998) |
| 08/12/1998 | 152 | ORDER as to Karriem Abdullah denying [151-1] motion to Proceed on appeal in Forma Pauperis as to Karriem Abdullah (2), denying [151-2] motion for Appointment of Counsel as to Karriem Abdullah (2) ( Signed by Judge Ira De Ment ) mailed to: Counsel, Defendant, USCA, Copies furnished to: USA, USPO (dkt clerk) (Entered: 08/12/1998) |
| 08/24/1998 | 153 | Judgment Returned Executed as to Karriem Abdullah ; on 8/19/98 (nhr) (Entered: 08/25/1998) |
| 08/31/1998 | | USCA Case Number as to Karriem Abdullah Re: [150-1] appeal USCA Number: 98-6595 (kcg) (Entered: 09/08/1998) |
| 10/29/1998 | | Received correspondence from USCA as to Jeffrey Lamar Jones, Karriem Abdullah (dated 10/28/98) requesting original papers. (dkt clerk) (Entered: 11/03/1998) |

| | | |
|---|---|---|
| 11/03/1998 | | Entire Court Files as to Jeffrey Lamar Jones, Karriem Abdullah ( 2 volumes original papers, 2 volumes transcripts, 2 envelopes Exhibits) picked up by UPS for delivery to USCA, 11th Circuit at request of Yvette Martinez. (dkt clerk) (Entered: 11/03/1998) |
| 11/16/1998 | | ACKNOWLEDGEMENT of RECEIPT of RECORD ON APPEAL from USCA Re: [146-1] appeal by Jeffrey Lamar Jones USCA Number: 98-6595 (dkt clerk) (Entered: 11/16/1998) |
| 01/12/1999 | | Received $25.00 payment on assessment through the BOP inmate offset program as to Karriem Abdullah. List Receitp No. 74915 (dkt clerk) (Entered: 11/08/1999) |
| 02/08/1999 | 157 | ORDER (rendered 2/5/99) of the U.S. Court of Appeals, Eleventh Circuit as to Karriem Abdullah, directing the District court to conduct an in camera evidentiary hearing to determine whether appellant is indigent and financially unable to retain counsel for his appeal, that at that hearing, the district court should inquire of appellant (and if necessary, of his counsel and anyone else involved in the payment of counsel's fees), as to appellant's present financial circumstances, that such inquiry should cover the amount paid to retained counsel for fees and expenses and the amount, if any, still owing to counsel, that the district court shall also determine whether the fees counsel received were in excess of what would constitute a resonable fee under the circumstances, that at the conclusion of the proceedings, the district court shall submit its findings of fact and conclusions of law and a copy of the transcript of the in camera proceedings to this court, that this Court will then consider whether retained counsel should be permitted to withdraw and whether counsel should be appointed under the Criminal Justic Act to represent the appellant on appeal. ( Signed by 11th Circuit Judge Gerald B. Tjoflat ) Copies mailed to: Counsel, Defendant, Copies furnished to: USA (dkt clerk) (Entered: 02/10/1999) |
| 02/08/1999 | | Record on Appeal as to Karriem Abdullah returned from U.S. Court of Appeals: (original papers) (dkt clerk) (Entered: 02/10/1999) |
| 02/08/1999 | | Received correspondence from USCA as to Karriem Abdullah (dated 2/5/99) advising the District Court that JURISDICTION OF THIS APPEAL IS BEING RETAINED BY THE ELEVENTH CIRCUIT, that this case will be held in abeyance and monitored in the Eleventh Circuit pending disposition of remand proceedings in the district court, upon completion of remand proceedings, please promptly return the record on appeal, supplemented by the record of proceedings on remand and an updated indexed district court docket sheet. (dkt clerk) (Entered: 02/10/1999) |
| 02/10/1999 | 158 | ORDER as to Karriem Abdullah, referring case to United States Magistrate Judge assigned to the above-styled action to: (1) conduct said in camera evidentiary hearing in accordance with the |

| | | |
|---|---|---|
| | | dictates of the February 5, 1999 Order; and (2) make a recommendation to this court as expeditiously as practicable so this court can respond to the United States Court of Appeals, for the Eleventh Circuit in a timely manner. ( Signed by Judge Ira De Ment Copies mailed to: Counsel, Defendant, USCA, Copies furnished to: USA, USPO (dkt clerk) (Entered: 02/10/1999) |
| 02/10/1999 | | File w/copy of order on Remand as to Karriem Abdullah referred to Magistrate Judge Caroll. (dkt clerk) (Entered: 02/10/1999) |
| 02/11/1999 | 159 | MOTION by USA as to Karriem Abdullah for Return of Property - Post Trial Government's exhibit No. 41 the fingerprint card [159-1] referred to Judge Ira De Ment (dkt clerk) (Entered: 02/12/1999) |
| 02/16/1999 | 160 | ORDER as to Karriem Abdullah, that an in camera evidentiary hearing be set. set Evidentiary Hearing for for 9:00 3/1/99 for Karriem Abdullah at Third Floor Courtroom before Mag. Judge John L. Carroll at the Frank M. Johnson, Jr., Federal Building and United States Court house, Montgomery, Alabama, to determine whether the defendant is indigent and financially unable to retain counsel for his appeal, DIRECTING the persons having custody of the defendant to produce him at said hearing. ( Signed by Mag. Judge John L. Carroll ) Copies mailed to: Counsel, Defendant, USCA, Copies furnished to: USA, USM, USPO, Debbie, Stan (dkt clerk) (Entered: 02/16/1999) |
| 02/17/1999 | | STAMPED ORDER as to Karriem Abdullah granting [159-1] motion for Return of Property - Post Trial Government's exhibit No. 41 the fingerprint card as to Karriem Abdullah (2) ( Entered by Judge Ira De Ment ) , Copies furnished to: USA . (Original returned to USA and replaced with a copy.) (dkt clerk) (Entered: 02/17/1999) |
| 02/18/1999 | 161 | MOTION by Karriem Abdullah to be excused from appearance at hearing scheduled 3/1/99. (Exhibit A attached.) [161-1] referred to Mag. Judge John L. Carroll (dkt clerk) (Entered: 02/18/1999) |
| 02/24/1999 | 162 | MOTION by USA as to Karriem Abdullah for return of evidence [162-1] referred to Judge Ira De Ment (nhr) (Entered: 02/24/1999) |
| 02/24/1999 | 163 | ORDER as to Karriem Abdullah granting [161-1] motion to be excused from appearance at hearing scheduled 3/1/99. (Exhibit A attached.) reset Evidentiary Hearing for 2:00 on 3/3/99 for Karriem Abdullah before Mag. Judge John L. Carroll in Third Floor Courtroom ; that the persons having custody of defendant are directed to produce him at said hearing. ( Signed by Mag. Judge John L. Carroll ) Copies mailed to: Counsel, defendant, Copies furnished to: USA, USM, USPO, USPTS, RIDGE, STAN, HELEN, DEBBIE, HENRIETTA (nhr) (Entered: 02/24/1999) |
| 02/25/1999 | | STAMPED ORDER as to Karriem Abdullah granting [162-1] motion for return of evidence as to Karriem Abdullah (2) ( Entered by Judge Ira De Ment ) , Copies furnished to: USA (Government's |

| | | |
|---|---|---|
| | | exhibit 24 substituted with a photo copy and the original returned to Assistant U.S. Attorney.) (dkt clerk) (Entered: 02/25/1999) |
| 03/03/1999 | | In Cameria Evidentiary Hearing as to Karriem Abdullah held before Mag. Judge John L. Carroll on 3/3/99 (sql) (Entered: 03/03/1999) |
| 03/03/1999 | 164 | Courtroom Deputy's Minutes and witness list as to Karriem Abdullah of in camera evidentiary hearing.: (sql) (Entered: 03/03/1999) |
| 03/03/1999 | | TRANSCRIPT of in camera evidentiary hearing by telephone conference before Mag. Judge Carroll filed in case as to Karriem Abdullah for dates of 3/3/99. (COURT REPORTER: LEWIS F. WIMBERLEY.) (dkt clerk) (Entered: 03/03/1999) |
| 03/08/1999 | | TRANSCRIPT filed as to Jeffrey Lamar Jones, Karriem Abdullah for dates of 1.6.98 In-Chambers Conference [146-1] appeal (kcg) Modified on 05/04/1999 (Entered: 03/08/1999) |
| 03/09/1999 | 165 | REPORT AND RECOMMENDATIONS of Mag. Judge John L. Carroll as to Karriem Abdullah Re: Magistrate Judge, Objections due by 3/22/99 [165-1] report and recommendations Copies mailed to: Counsel, USCA, Copies furnished to: USA, USPO (kcg) (Entered: 03/09/1999) |
| 03/26/1999 | | TRANSCRIPT filed as to Jeffrey Lamar Jones, Karriem Abdullah for dates of 5/18/98 Jury Trial [Vol. I] [150-1] appeal, [146-1] appeal (dkt clerk) Modified on 05/04/1999 (Entered: 05/04/1999) |
| 03/26/1999 | | TRANSCRIPT filed as to Jeffrey Lamar Jones, Karriem Abdullah for dates of 5/19/98 Jury Trial [VOL. II] [150-1] appeal, [146-1] appeal (dkt clerk) (Entered: 05/04/1999) |
| 03/26/1999 | | TRANSCRIPT filed as to Jeffrey Lamar Jones, Karriem Abdullah for dates of 5/21/98 Jury Trial [VOL. III] [150-1] appeal, [146-1] appeal (dkt clerk) (Entered: 05/04/1999) |
| 04/21/1999 | | Received $25.00 payment towards assessment from the BOP inmate offset program as to Karriem Abdullah. Receipt No. 76324 (dkt clerk) (Entered: 04/23/1999) |
| 05/17/1999 | | (Court only) **Terminated document(s) as to Karriem Abdullah : terminating [165-1] report and recommendations Objections due by 3/22/99 [165-1] report and recommendations as to Karriem Abdullah (2) (dmk) (Entered: 05/22/2002) |
| 05/17/1999 | 166 | ORDER received on 5/17/99 and rendered on 5/14/99 as to Karriem Abdullah that there being no objections filed to the Recommendation of the Magistrate Judge filed herein on March 9, 1999, said recommendation is hereby ADOPTED and it is CONSIDERED and ORDERED that the findings of fact in the Recommendation of the Magistrate Judge filed March 9, 1999, together with that court's conclusions of law and a copy of the in |

| | | |
|---|---|---|
| | | camera proceedings, be forwarded to the clerk of the Eleventh Circuit Court of Appeals in accordance with its Order filed February 5, 1999. ( Signed by Judge Ira De Ment (kcg) (Entered: 05/17/1999) |
| 05/17/1999 | | Sending (2) Volumes of Original Papers and (1) Volume of Transcripts to the United States Court of Appeals, Eleventh Circuit. (kcg) (Entered: 05/17/1999) |
| 06/28/1999 | | Received (2) VOlumes of original papers and (1) Sealed Envelope from the United States Court of Appeals, Eleventh Circuit. (kcg) (Entered: 06/28/1999) |
| 06/28/1999 | | Received copy of Order from the United States Court of Appeals, Eleventh Circuit that the motion to withdraw by appellant's retained counsel, Malcolm R. Newman, is GRANTED. Appellant's motion for appointment of counsel on appeal is GRANTED. Appellant's motion for leave to proceed on appeal in forma pauperis is GRANTED. (kcg) (Entered: 06/28/1999) |
| 06/28/1999 | | (Court only) **Terminated attorney Malcolm Rance Newman for Karriem Abdullah (dkt clerk) (Entered: 07/15/1999) |
| 07/09/1999 | | Received $25.00 payment on assessment fee through the BOP inmate offset program by Karriem Abdullah. #77461 (dkt clerk) Modified on 07/12/1999 (Entered: 07/12/1999) |
| 07/13/1999 | | (Court only) Received copy of correspondence from the U.S. Court of Appeals, Eleventh Circuit advising Attorney Jeffery C. Duffey of his appointment to represent defendant Karriem Addullah on his direct appeal. **Added for Karriem Abdullah Attorney Jeffery C. Duffey (dkt clerk) (Entered: 07/15/1999) |
| 08/12/1999 | | Original Papers sent per request of USCA, Eleventh Circuit. (1 Vol. of Pleadings, 7 Vols. of Transcripts and 1 Envelope). (kcg) (Entered: 08/12/1999) |
| 08/19/1999 | | ACKNOWLEDGEMENT of RECEIPT of RECORD ON APPEAL from USCA Re: [146-1] appeal by Jeffrey Lamar Jones USCA Number: 98-6595-F (kcg) (Entered: 08/20/1999) |
| 09/24/1999 | | TRANSCRIPT filed [James Dickens] as to Karriem Abdullah for dates of 7/29/98 Sentence Hearing Certificate of Readiness due on 10/8/99 for Karriem Abdullah [150-1] appeal (dkt clerk) (Entered: 09/29/1999) |
| 10/01/1999 | | Signed CJA-24 Voucher as to Karriem Abdullah of the 7/29/98 Sentence Hearing, court reporter James Dickens retured to USCA, 11th Circuit for payment. [98-6595-F] (dkt clerk) (Entered: 10/01/1999) |
| 10/07/1999 | | Request for Certificate of Readiness from USCA, 11th Circuit, Re: [150-1] appeal by Karriem Abdullah, [146-1] appeal by Jeffrey |

| | | |
|---|---|---|
| | | Lamar Jones (dkt clerk) (Entered: 10/07/1999) |
| 10/26/1999 | | CERTIFICATE OF READINESS of record on appeal mailed to USCA, 11th Circuit and counsel: as to Jeffrey Lamar Jones, Karriem Abdullah [150-1] appeal by Karriem Abdullah, [146-1] appeal by Jeffrey Lamar Jones [98-6595-F] (dkt clerk) Modified on 10/26/1999 (Entered: 10/07/1999) |
| 10/26/1999 | | (Court only) ***Motions terminated as to Jeffrey Lamar Jones, Karriem Abdullah: Motion for Miscellaneous Relief. (kcg, ) (Entered: 02/07/2007) |
| 02/25/2000 | | REQUEST for Record on Appeal from USCA re: [150-1] appeal by Karriem Abdullah, [146-1] appeal by Jeffrey Lamar Jones (dkt clerk) (Entered: 02/25/2000) |
| 02/25/2000 | | Certified and transmitted record on appeal to U.S. Court of Appeals (11th Circuit) as to Jeffrey Lamar Jones, Karriem Abdullah : [150-1] appeal, [146-1] appeal [98-6595] (dkt clerk) (Entered: 02/25/2000) |
| 03/02/2000 | | ACKNOWLEDGEMENT of RECEIPT of RECORD ON APPEAL from USCA Re: [150-1] appeal by Karriem Abdullah, [146-1] appeal by Jeffrey Lamar Jones USCA Number: 95-6595 (dkt clerk) (Entered: 03/02/2000) |
| 07/14/2000 | | $25.00 assessment fee made by Karriem Abdullah thru BOP. Receipt #82811. (vmc) (Entered: 07/26/2000) |
| 09/08/2000 | | Three PSI Reports and One Envelope returned from USCA, Eleventh Circuit. (kcg) (Entered: 09/08/2000) |
| 09/08/2000 | | Received copy of PER CURIAM OPINION as to defendants Jeffrey Lamar Jones and Karriem Abdullah entered 7.11.00 of the USCA, 11th Circuit. (kcg) (Entered: 09/08/2000) |
| 09/08/2000 | | JUDGMENT OF USCA issued as MANDATE on 9.7.00 that UPON CONSIDERATION WHEREOF, it is now hereby ordered and adjudged by this Court that the judgment of conviction of the said District COurt as to defendant Jones is hereby AFFIRMED; the sentence imposed as to defendant Abdullah is hereby AFFIRMED in part and VACATED in part; and that this cause be and the same is hereby REMANDED in part to said District COurt in accordance with the opinion of this Court. Before: BLACK, MARCUS and WILSON, Circuit Judges. (certified copy) as to Jeffrey Lamar Jones, Karriem Abdullah Re: [150-1] appeal, [146-1] appeal , (kcg) (Entered: 09/08/2000) |
| 09/08/2000 | | (Court only) **Procedural Interval start P5 as to Karriem Abdullah (2) count(s) 1, 6 (dkt clerk) (Entered: 09/18/2000) |
| 09/12/2000 | | One volume transcript as to Karriem Abdullah of the 7/29/98 Sentence Hearing received in the mail with no return address. |

| | | |
|---|---|---|
| | | [99-6595-F] (dkt clerk) (Entered: 09/12/2000) |
| 09/18/2000 | 167 | ORDER as to Karriem Abdullah, Vacating [148-1] judgment order , set Re-sentencing for for 10:00 10/4/00 for Karriem Abdullah at First Floor Courtroom before Judge Ira De Ment in First Floor Courtroom; that the person(s) having custody of defendant are to have him present on 10/4/00 ( Signed by Judge Ira De Ment ) Copies mailed to: counsel, Copies furnished to: USA,PO,PTSO,USM,HC,YG (dkt clerk) (Entered: 09/18/2000) |
| 09/18/2000 | 168 | CJA 20 as to Karriem Abdullah : Appointment of Attorney Jeffery Duffey for 10/4/00 resentencing ( Signed by Judge Ira De Ment ) Copies mailed to: counsel, (dkt clerk) (Entered: 09/20/2000) |
| 09/20/2000 | | (Court only) **Terminated attorney Laura F. Wright for USA (dkt clerk) (Entered: 09/20/2000) |
| 09/20/2000 | | (Court only) **Added Government Attorney Kent B. Brunson as to Jeffrey Lamar Jones, Karriem Abdullah (dkt clerk) (Entered: 09/20/2000) |
| 09/28/2000 | 169 | APPRENDI MOTION by Karriem Abdullah that sentence be based on minimum quantity specified in 21 USC 841(b)(1)(C) [169-1] referred to Judge Ira De Ment (dmk) (Entered: 09/28/2000) |
| 10/03/2000 | 170 | Marshal's Notice of Arrival of Karriem Abdullah to the Middle District of Alabama. (dkt clerk) (Entered: 10/04/2000) |
| 10/05/2000 | | Re-sentencing held before Judge Ira De Ment on 10/5/00 Karriem Abdullah (2) count(s) 1, 6. (Court Reporter: James R. Dickens.) (dkt clerk) (Entered: 10/10/2000) |
| 10/05/2000 | 171 | Probation Officer's REQUEST for correction of supervised release term as imposed this date to reflect 3 years supervised release on Counts 1 and 6 to be served concurrently instead of the 5 years as to Karriem Abdullah. Referred to Judge DeMent. (dkt clerk) (Entered: 10/10/2000) |
| 10/05/2000 | | STAMPED ORDER as to Karriem Abdullah granting [171-1] REQUEST of the probation officer to correct the term of supervised release to reflect 3 years on Counts 1 and 6 to be served concurrently instead of 5 years as to Karriem Abdullah (2) ( Entered by Judge Ira De Ment ) Copies mailed to: counsel, Copies furnished to: USA,PO,PTSO,USM (dkt clerk) (Entered: 10/10/2000) |
| 10/10/2000 | 172 | JUDGMENT Karriem Abdullah (2) count(s) 1, 6 . IMPRISONMENT FOR TERM OF 292 MOS ON EACH OF COUNTS 1 AND 6, TO BE SERVED CONCURRENTLY; SUP REL FOR TERM OF 5 YRS. ON EACH OF COUNTS 1 AND 6 TO RUN CONCURRENTLY; $200 SA. (VACATED 9/18/00) 10/5/00 RESENTENCED: 235 months imprisonment on each of Counts 1 and 6 to run concurrently; Court recommends that defendant be designated to a |

| | | |
|---|---|---|
| | | facility where Intensive Residential Substance Abuse Treatment is available; 3 years supervised release on each of Counts 1 and 6 to run concurrently; $100 assessment fee on each of Counts 1 and 6 which is due immediately. , Karriem Abdullah (2) count(s) 5. Acquitted ( Signed by Judge Ira De Ment ) Copies mailed to: counsel, Copies furnished to: USA,PO,PTSO,USM,FIN. (dkt clerk) (Entered: 10/10/2000) |
| 10/12/2000 | 173 | NOTICE OF APPEAL by Karriem Abdullah (2) count(s) 1, 6 to U.S. Circuit Court of Appeals, 11th Circuit, from the re-sentencing entered in this action October 5, 2000. Copies mailed to: Counsel, Defendant, USCA, Copies furnished to: USA, USPO, Court Reporter (dkt clerk) (Entered: 10/12/2000) |
| 10/12/2000 | | Notice of appeal and certified copy of docket, Judgments/Orders, and Magistrate Judge recommendations as to Karriem Abdullah sent to USCA (11th Circuit): [173-1] appeal (dkt clerk) (Entered: 10/12/2000) |
| 10/17/2000 | | $25.00 BOP payment made by Karriem Abdullah. Rec.#84107 (vmc) (Entered: 10/17/2000) |
| 10/19/2000 | | USCA Case Number as to Karriem Abdullah Re: [173-1] appeal USCA Number: 00-15418-G (dkt clerk) (Entered: 10/19/2000) |
| 10/19/2000 | | Received Notice from USCA, 11th Circuit as to Karriem Abdullah, advising Attorney Jeffery Duffy of his appointment to represent defendant Abdullah on his appeal. CJA Voucher forwarded. [00-15418-G] (dkt clerk) (Entered: 10/20/2000) |
| 10/25/2000 | | Transcript requested in appeal as to Karriem Abdullah for the 10/5/00 Sentence Hearing. Transcript due 11/27/00 for Karriem Abdullah [173-1] appeal (dkt clerk) (Entered: 10/25/2000) |
| 10/25/2000 | | Mailed CJA-24 voucher as to Karriem Abdullah to Attorney Jeffery C. Duffey for signature of the 10/5/00 Sentence Hearing. (dkt clerk) (Entered: 10/25/2000) |
| 10/30/2000 | | CJA-24 Voucher as to Karriem Abdullah returned from Attorney Jeffery C. Duffey and forwarded to Judge De Ment for signature. (dkt clerk) (Entered: 10/30/2000) |
| 10/31/2000 | | CJA-24 Voucher for Transcript as to Karriem Abdullah forwarded to Court Reporter James Dickens. (dkt clerk) (Entered: 10/31/2000) |
| 11/07/2000 | | TRANSCRIPT filed [James Dickens] as to Karriem Abdullah for dates of October 5, 2000 Re-Sentence Hearing Certificate of Readiness due on 11/21/00 Karriem Abdullah [173-1] appeal (dkt clerk) (Entered: 11/08/2000) |
| 11/14/2000 | 174 | CJA 24 as to Karriem Abdullah Authorization to Pay James Dickens $ 60.00 for Transcript of the 10/5/2000 Sentence Hearing. |

| | | |
|---|---|---|
| | | ( Signed by Judge Ira De Ment ) , (dkt clerk) (Entered: 11/14/2000) |
| 12/04/2000 | 175 | CJA 20 Authorization (Rendered 11/22/00) to pay Jeffery C. Duffey for defendant Karriem Abdullah , Amount: $ 398.26 Voucher # 001116000013 ( Signed by Judge Ira De Ment ) Copies mailed to: counsel, (vmc) (Entered: 12/04/2000) |
| 12/18/2000 | | CERTIFICATE OF READINESS of record on appeal mailed to USCA, 11th Circuit and counsel: as to Karriem Abdullah [173-1] appeal by Karriem Abdullah [00-15418-GG] (dkt clerk) (Entered: 12/18/2000) |
| 01/19/2001 | | REQUEST for Record on Appeal from USCA re: [173-1] appeal by Karriem Abdullah (dkt clerk) (Entered: 01/23/2001) |
| 01/23/2001 | | Certified and transmitted record on appeal to U.S. Court of Appeals (11th Circuit) as to Karriem Abdullah : [173-1] appeal (dkt clerk) (Entered: 01/23/2001) |
| 03/12/2001 | | $25.00 assess. fee payment made by Karriem Abdullah. Rec. #86223. (vmc) (Entered: 03/14/2001) |
| 03/28/2001 | | (Court only) **Added party US Marshals Service, U.S. Pretrial, Montgomery U.S. Probation (dkt clerk) (Entered: 03/28/2001) |
| 04/20/2001 | 178 | Return Receipt as to Karriem Abdullah Re: Transcripts mailed to Ben E. Bruner. (dkt clerk) (Entered: 04/23/2001) |
| 05/01/2001 | | (Court only) **Terminated document(s) as to Karriem Abdullah : terminating [169-1] motion that sentence be based on minimum quantity specified in 21 USC 841(b)(1)(C) as to Karriem Abdullah (2), terminating [34-2] motion Production of Evidence favorable to defendant as to Karriem Abdullah (2) (dkt clerk) (Entered: 05/01/2001) |
| 05/08/2001 | | Record on Appeal as to Karriem Abdullah returned from U.S. Court of Appeals: for additional pleadings & transcripts to be added to original COR. [00-15857-II] (dkt clerk) (Entered: 05/08/2001) |
| 05/22/2001 | | REQUEST for Record on Appeal from USCA re: [173-1] appeal by Karriem Abdullah [00-15418-GG] (dkt clerk) (Entered: 05/22/2001) |
| 05/22/2001 | | Certified and transmitted record on appeal to U.S. Court of Appeals (11th Circuit) as to Karriem Abdullah : [173-1] appeal [00-15418-GG] (dkt clerk) (Entered: 05/22/2001) |
| 05/29/2001 | | ACKNOWLEDGEMENT of RECEIPT of RECORD ON APPEAL from USCA Re: [173-1] appeal by Karriem Abdullah USCA Number: 00-15418-GG (dkt clerk) (Entered: 05/30/2001) |
| 07/16/2001 | | Received $25.00 payment towards assessment fee thru the BOP Inmate Offset Program for Karriem Abdullah, receipt no. 87917. (dkt clerk) (Entered: 07/26/2001) |

| | | |
|---|---|---|
| 10/15/2001 | | $25.00 ass. fee payment made by Karriem Abdullah through BOP. Rec. #89096. (vmc) (Entered: 10/25/2001) |
| 10/26/2001 | 179 | SATISFACTION OF JUDGMENT as to Monetary Imposition by USA as to Karriem Abdullah (ws) (Entered: 10/26/2001) |
| 02/12/2002 | | Received copy of PER CURIAM OPINION entered 11/29/01 of the USCA, 11th Circuit as to Karriem Abdullah, AFFIRMING THE DISTRICT COURT. (kcg) (Entered: 02/13/2002) |
| 02/12/2002 | 180 | JUDGMENT OF USCA issued as MANDATE on 2/11/02 (certified copy) as to Karriem Abdullah Re: [173-1] appeal affirming judgment/order Karriem Abdullah (2) count(s) 1, 6 , (kcg) (Entered: 02/13/2002) |
| 02/12/2002 | | Record on Appeal returned from U.S. Court of Appeals: [173-1] appeal (kcg) (Entered: 02/13/2002) |
| 02/13/2002 | | (Court only) **Remove appeal flag - no further appeals pending (kcg) (Entered: 02/13/2002) |
| 01/25/2007 | 181 | CLERK'S NOTICE of Intent to Return or Dispose of Trial Exhibits as to Jeffrey Lamar Jones and Karriem Abdullah. (Attachments: # 1 Notice to Return or Dispose of Trial Exhibits)(kcg, ) (Entered: 01/25/2007) |