## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| **KARRIEM ABDULLAH** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 3:07cv1000-ID** |
| | ) | |
| **UNITED STATES OF AMERICA** | ) | |

### UNITED STATES' RESPONSE TO MOTION
### TO SET ASIDE SENTENCE PURSUANT TO 28 U.S.C. §2255

Comes now the United States of America by and through Leura G. Canary, United States

Attorney for the Middle District of Alabama, and in response to the motion filed herein, the

following is submitted:

1.      Defendant Karriem Abdullah and Jeffrey Lamar Jones were arrested on a

Complaint on September 25, 1997, and both were indicted on October 29, 1997.  The indictment

contained six counts with both Jones and Abdullah named in Count 1: A charge of conspiracy to

possess with intent to distribute and to distribute cocaine base in violation of 21 U.S.C. §846 and

21 U.S.C. §841(a)(1).  Counts 2, 3, and 4 charged only Jones with possession with intent to

distribute and to distribute cocaine base in violation of 21 U.S.C. §841(a)(1).  Counts 5 and 6

charged both Jones and Abdullah with possession with intent to distribute and to distribute

cocaine base in violation of 21 U.S.C. §841(a)(1).  Abdullah was convicted of Counts 1 and 6.

Jones was convicted of all six counts.  (See Exhibit A - Indictment).

2.      Abdullah was originally sentenced on July 29, 1998, to a term of 292 months and

5 years supervised release. (See Exhibit B - Judgment).  He appealed and the Eleventh Circuit

affirmed in part, vacated in part, and remanded in part.  Resentencing was held on October 10,

2000, and Abdullah was sentenced to serve 235 months and 3 years supervised release.  (See

Exhibit C - Judgment on resentencing).  This sentence was also appealed and the Eleventh

Circuit affirmed the District Court.  (See Exhibit D - Eleventh Circuit Judgment).  This Judgment was entered on November 29, 2001, and issued as Mandate on February 11, 2002.

3.    Abdullah filed a Petition for Rehearing and Petition for Rehearing En Banc (see Exhibit E - Petition) which was denied.  (See Exhibit F - Eleventh Circuit denials).  Petition for Writ of Certiorari was filed in the Supreme Court of the United States which was also denied. (See Exhibit G - Petition for Writ of Certiorari).

4.    Abdullah has now filed his §2255 Petition in which he alleges he is actually innocent of the sentence imposed upon him.  It appears the foundation for his allegation is that there is no evidence that he possessed or sold "crack" cocaine.  The Court has directed the United States to address this issue as well as the applicability of the one year period of limitations.

5.    Title 28, United States Code, Section 2255 provides that a one year period of limitations shall apply to a motion under this section.  Abdullah does not refer to any of the four provisions that would permit consideration of his motion and, in fact, none apply.  What he does refer to is his contention that he is actually innocent of his sentence.  Yet he gives no new facts to support his claims of innocence that has been rejected in his two appeals to the Eleventh Circuit and one Writ of Certiorari in the Supreme Court.  Quite simply, his petition does not present any colorable showing of factual innocence.  (See Kuhlmann v. Wilson, 477 U.S. 436, at p.454 (1985)).

6.    Abdullah seems to focus his innocence on his distinction between cocaine base and crack cocaine.  Where Abdullah says on page 13 of his petition that: "The record below is dehors of any laboratory analysis that affirmatively describes the drugs in movant's case as anything other than cocaine," he is just wrong.  In the trial testimony of Fred Taylor Noggle, Jr.,

from the Department of Forensic Sciences, he testified about Government's Exhibits 9-A, 10-A, and 12-A. Mr. Noggle specifically identified each exhibit to be cocaine base, commonly referred to as crack cocaine. He testified Exhibit 9-A was 43.150 grams, Exhibit 10-A to be 43.850 grams, and Exhibit 12-A to be 365.1 grams. How does this connect to Abdullah? He was convicted along with Jones in the conspiracy alleged in Count 1. He was also convicted along with Jones in Count 6 that alleged the distribution of cocaine base on September 23, 1997. Cedric Anderson testified he was a detective with the Auburn Police Department and was the case agent involved in the investigation of Jeffrey Jones and Karriem Abdullah. He identified Exhibit 12-A to be crack cocaine purchased by John Griffin and Sylvester Brooks from Jeffrey Jones on September 23, 1997. Both Griffin and Brooks were acting as confidential informants. Detective Anderson testified that on the evening of September 23, 1997, Griffin was given 21 thousand dollars in buy money to meet with Jeffrey Jones to purchase crack cocaine. The purchase was made and the bag containing the crack cocaine was introduced as Government's Exhibit 12-A that was later submitted to the Department of Forensic Sciences. This was the 365.1 grams Taylor Noggle later testified was cocaine base, commonly referred to as crack cocaine.

After the drug transaction on September 23, 1997, Abdullah was arrested in a small Nissan pickup truck as he was attempting to leave Steeplechase Trailer Park where the drug transaction had taken place. Seventeen thousand eight hundred and four dollars were taken from Abdullah's left front pocket. Of this money, all but the four dollars matched the buy money officers had furnished.

This is certainly not all the evidence presented during the trial, but the jury found, the

Eleventh Circuit affirmed and the United States submits herein that Abdullah is wrong to assert

that there was no evidence he was guilty of conspiracy to sell and selling cocaine base,

commonly referred to as crack cocaine.

Wherefore, premises considered, the United States submits that Abdullah's Motion filed

pursuant to Title 28, United States Code, Section 2255, is filed outside the one year period of

limitations and is due to be denied.  Further, as found in his direct appeals, ample evidence was

presented he was guilty of Counts 1 and 6.

Respectfully submitted on this 17th day of January , 2008.

LEURA G. CANARY
UNITED STATES ATTORNEY


/s/Kent B. Brunson
KENT B. BRUNSON
131 Clayton Street
Montgomery, AL 36104
Phone:  (334) 223-7280
Fax:  (334) 223-7135
E-mail: kent.brunson@usdoj.gov

**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| **KARRIEM ABDULLAH** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 3:07cv1000-ID** |
| | ) | |
| **UNITED STATES OF AMERICA** | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2008, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system; and I hereby certify that I have mailed by United

States Postal Service the United States' Response to Motion to Set Aside Sentence Pursuant to

28 U.S.C. §2255 to the following non-CM/ECF participant: Karriem Abdullah, 10089-002,

Forrest City Medium, Federal Correctional Institution, P.O. Box 3000, Forrest City, AR 72336.

Respectfully submitted,

/s/Kent B. Brunson
KENT B. BRUNSON
131 Clayton Street
Montgomery, AL 36104
Phone: (334)223-7280
Fax: (334)223-7135
E-mail: kent.brunson@usdoj.gov

5

OCT 2 9 1997

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA THOMAS C. CAVER, CLERK
EASTERN DIVISION              BY ——————————
                                      DEPUTY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. _97-225-E_ |
| | ) | [21 USC 841(a)(1); |
| JEFFREY LAMAR JONES and | ) | 21 USC 846] |
| KARRIEM ABDULLAH | ) | |
| | ) | INDICTMENT |

The Grand Jury charges that:

### COUNT 1

Beginning on or about the 6th day of September, 1996, through on or about the 25th day of September, 1997, the exact dates being unknown to the Grand Jury, in Lee County, within the Middle District of Alabama, and elsewhere,

JEFFREY LAMAR JONES and
KARRIEM ABDULLAH,

defendants, did knowingly and intentionally combine, conspire, confederate and agree together and with other persons known and unknown to the Grand Jury to possess with intent to distribute and to distribute cocaine base, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1), all in violation of Title 21, United States Code, Section 846.

### COUNT 2

On or about the 6th day of September, 1996, in Lee County, within the Middle District of Alabama,

JEFFREY LAMAR JONES,

defendant, did knowingly and intentionally possess with intent to distribute and distribute cocaine base, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

### COUNT 3

On or about the 3rd day of October, 1996, in Lee County, within the Middle District of Alabama,

JEFFREY LAMAR JONES,

defendant, did knowingly and intentionally possess with intent to distribute and distribute cocaine base, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

### COUNT 4

On or about the 23rd day of July, 1997, in Lee County, within the Middle District of Alabama,

JEFFREY LAMAR JONES,

defendant, did knowingly and intentionally possess with intent to distribute and distribute cocaine base, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

### COUNT 5

On or about the 5th day of September, 1997, in Lee County, within the Middle District of Alabama,

2

JEFFREY LAMAR JONES and
KARRIEM ABDULLAH,

defendants, did knowingly and intentionally possess with intent
to distribute and distribute cocaine base, a Schedule II
Controlled Substance, in violation of Title 21, United States
Code, Section 841(a)(1).

### COUNT 6

On or about the 23rd day of September, 1997, in Lee County,
within the Middle District of Alabama,

JEFFREY LAMAR JONES and
KARRIEM ABDULLAH,

defendants, did knowingly and intentionally possess with intent
to distribute and distribute cocaine base, a Schedule II
Controlled Substance, in violation of Title 21, United States
Code, Section 841(a)(1).

A TRUE BILL:

_____
FOREPERSON

_____
REDDING PITT
UNITED STATES ATTORNEY

_____
LAURA L. FOREHAND
ASSISTANT UNITED STATES ATTORNEY

3

AO 245B (Rev. 3/95) Sheet 1 - Judgment in a Criminal Case

# United States District Court

## Middle District of Alabama

UNITED STATES OF AMERICA
v.

**KARRIEM ABDULLAH**

**JUDGMENT IN A CRIMINAL CASE**

(For Offenses Committed On or After November 1, 1987)

Case Number:   **3:97CR00225-002**

**Malcolm Rance Newman**

Defendant's Attorney

**FILED**

**JUL 3 1 1998**

~~CLERK~~
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

## THE DEFENDANT:

- [ ] pleaded guilty to count(s) _____
- [ ] pleaded nolo contendere to count(s) _____
  which was accepted by the court.
- [x] was found guilty on count(s)  **1 and 6 of the indictment on May 21, 1998,**
  after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C.  § 846 | Conspiracy to possess with intent to distribute and to distribute cocaine base. | 09/23/1997 | 1 |
| 21 U.S.C.  § 841 (a)(1) | Possession with intent to distribute and to distribute cocaine base. | 09/23/1997 | 6 |

ATTEST: A True Copy.
Certified To
Thomas C. Caver
Clerk, U.S. District Court
Middle District of Alabama
BY _____

July 31, 19 98

The defendant is sentenced as provided in pages 2 through   6   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

- [x] The defendant has been found not guilty on count(s)  **5 of the indictment.**
- [ ] Count(s) _____ (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: ███████

Defendant's Date of Birth: ███████

Defendant's USM No.:   **10089-002**

Defendant's Residence Address:

**269 Cooper Lane**

| Notasulga | AL | 36866 |
|---|---|---|

Defendant's Mailing Address:

**269 Cooper Lane**

| Notasulga | AL | 36866 |
|---|---|---|

**07/29/1998**

Date of Imposition of Judgment

Signature of Judicial Officer

**IRA DE MENT**

**UNITED STATES DISTRICT JUDGE**

Name & Title of Judicial Officer

July 31, 1998

Date

EOD  7-31-98

74

DEFENDANT:        **KARRIEM ABDULLAH**
CASE NUMBER:      **3:97CR00225-002**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of ___292___  ___month(s)___ .

**This term consists of terms of 292 months on each of counts 1 and 6 to be served concurrently.**

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ a.m./p.m.  on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

DEFENDANT: **KARRIEM ABDULLAH**
CASE NUMBER: **3:97CR00225-002**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of ___5___ year(s) .
**This term consists of terms of 5 years on each of counts 1 and 6, to run concurrently.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below) . The defendant shall also comply with the additional conditions on the attached page (if indicated below).

**See Special Conditions of Supervision - Sheet   3.01**

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT:        KARRIEM  ABDULLAH
CASE NUMBER:        3:97CR00225-002

# SPECIAL CONDITIONS OF SUPERVISION

If determined necessary by the probation officer, the defendant shall participate in a substance abuse treatment program as directed by the probation officer.

DEFENDANT: **KARRIEM ABDULLAH**
CASE NUMBER: **3:97CR00225-002**

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals:** | $ 200.00 | $ | $ |

☐ If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . . . $ _____

**The $200 assessment consists of special assessments of $100.00 on each count.**

# FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ _____ .

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ The interest requirement is waived.

    ☐ The interest requirement is modified as follows:

# RESTITUTION

☐ The determination of restitution is deferred in a case brought under Chapters 109A, 110, 110A and 113A of Title 18 for offenses committed on or after 09/13/1994, until _____ . An Amended Judgment in a Criminal Case will be entered after such determination.

☐ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| **Name of Payee** | **\*\* Total Amount of Loss** | **Amount of Restitution Ordered** | **Priority Order or Percentage of Payment** |
|---|---|---|---|
| **Totals:** | $ _____ | $ _____ | |

\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994.

DEFENDANT:        **KARRIEM ABDULLAH**

CASE NUMBER:      **3:97CR00225-002**

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A  ☒  in full immediately; or

B  ☐  $ _____ immediately, balance due (in accordance with C, D, or E); or

C  ☐  not later than _____ ; or

D  ☐  in installments to commence _____ day(s)after the date of this judgment.  In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E  ☐  in _____ *(e.g. equal, weekly, monthly, quarterly)* installments of $ _____ over a period of _____ year(s)to commence _____ day(s)after the date of this judgment.

The National Fine Center will credit the defendant for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

**The $200 assessment shall be paid to the United States District Court Clerk for the Middle District of Alabama, P.O. Box 711, Montgomery, Alabama 36101.  Any balance which remains unpaid at the commencement of supervision shall be paid according to a schedule to be determined by the probation officer.**

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment.  All criminal monetary penalty payments are to be made to the United States Courts National Fine Center, Administrative Office of the United States Courts, Washington, DC  20544, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program.  If the National Fine Center is not operating in this district, all criminal monetary penalty payments are to be made as directed by the court, the probation officer, or the United States attorney.

DEFENDANT:     **KARRIEM  ABDULLAH**

CASE NUMBER:     3:97CR00225-002

# STATEMENT OF REASONS

☒  The court adopts the factual findings and guideline application in the presentence report.

## OR

☐  The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):


**Guideline Range Determined by the Court:**

Total Offense Level:     **40**

Criminal History Category:     **I**

Imprisonment Range:     **292**     to     **365**     months

Supervised Release Range:     **3**     to     **5**     years

Fine Range: $     **25,000.00**     to $     **4,000,000.00**

    ☒  Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution:  $     **0.00**

    ☐  Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

    ☐  For offenses that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

    ☐  Partial restitution is ordered for the following reason(s):


☐  The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

## OR

☒  The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

    **Defendant has no prior criminal record and there are no aggravating factors to warrant a sentence at the top or middle of the guideline range.**

## OR

☐  The sentence departs from the guideline range:

    ☐  upon motion of the government, as a result of defendant's substantial assistance.

    ☐  for the following specific reason(s):

AO 245C (Rev. 3/95) Sheet 1 - Amended Judgment in a Criminal Case                    (NOTE: Identify Changes with Asterisks (*))

# United States District Court

## Middle District of Alabama

UNITED STATES OF AMERICA
v.

**KARRIEM ABDULLAH**

**Date of Original Judgment:** 07/29/1998
*(or Date of Last Amended Judgment)*

### Reason for Amendment:

☒ Correction of Sentence on Remand (Fed. R. Crim. P. 35(a))

☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))

☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(c))

☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

## AMENDED JUDGMENT IN A CRIMINAL CASE

(For Offenses Committed On or After November 1, 1987)

Case Number:  **3:97CR00225-002**

**Jeffery C. Duffey**
Defendant's Attorney

☐ Modification of Supervision Conditions (18 U.S.C. § 3563(c) or 3583(e))

☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))

☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))

☐ Direct Motion to District Court Pursuant to ☐ 28 U.S.C. § 2255,
   ☐ 18 U.S.C. § 3559(c)(7), or ☐ Modification of Restitution Order

## THE DEFENDANT:

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☒ was found guilty on count(s)   **1 and 6 of the indictment on May 21, 1998,**
   after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. ' 846 | **Conspiracy to possess with intent to distribute and to distribute cocaine base.** | 09/23/1997 | 1 |
| 21 U.S.C. ' 841 (a)(1) | **Possession with intent to distribute and to distribute cocaine base.** | 09/23/1997 | 6 |

FILED

OCT 1 0 2000

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

The defendant is sentenced as provided in pages 2 through ___6___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☒ The defendant has been found not guilty on count(s)   __5 of the indictment.__

☐ Count(s) _____ (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: ████████

Defendant's Date of Birth: ████████

Defendant's USM No.:  **10089-002**

Defendant's Residence Address:

**269 Cooper Lane**

| | | |
|---|---|---|
| Notasulga | AL | 36866 |

Defendant's Mailing Address:

**269 Cooper Lane**

| | | |
|---|---|---|
| Notasulga | AL | 36866 |

10/05/2000
Date of Imposition of Judgment

*Ira De Ment*
Signature of Judicial Officer

**IRA DE MENT**

**UNITED STATES DISTRICT JUDGE**
Name & Title of Judicial Officer

*October 10, 2000*
Date

Case 3:07-cv-01000-WKW-CSC    Document 7-4    Filed 01/17/2008    Page 2 of 7
AO 245C (Rev. 3/95) Amended Judgment in a Criminal C    Sheet 2 - Imprisonment    (NOTE: Identify Changes with Asterisks (*))

Judgment-Page ___2___ of ___6___

DEFENDANT:    **KARRIEM ABDULLAH**
CASE NUMBER:    3:97CR00225-002

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of   **\*  235  month(s)**   .

**This term consists of terms of 235 months on each of counts 1 and 6 to be served concurrently.**

☒ The court makes the following recommendations to the Bureau of Prisons:

    **That the defendant be designated to a facility where Intensive Residential Substance Abuse Treatment is available.**

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ a.m./p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

Case 3:07-cv-01000-WKW-CSC   Document 7-4   Filed 01/17/2008   Page 3 of 7
AO 245C (Rev. 3/95) Amended Judgment in a Criminal C___   Sheet 3 - Supervised Release   (NOTE: Identify Changes with Asterisks(*))

Judgment-Page __3__ of __6__

DEFENDANT:      **KARRIEM ABDULLAH**

CASE NUMBER:   **3:97CR00225-002**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of   **\*    3    year(s)**   .

**This term consists of terms of 3 years on each of counts 1 and 6, to run concurrently.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐   The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒   The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

**See Special Conditions of Supervision - Sheet   3.01**

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or   other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245C (Rev. 3/95) Amended Judgment in a Criminal C    Sheet 3 - Supervised Release

DEFENDANT:          **KARRIEM ABDULLAH**

CASE NUMBER:        **3:97CR00225-002**

# SPECIAL CONDITIONS OF SUPERVISION

The defendant shall participate in drug testing and/or treatment if directed by the probation officer and shall contribute to the cost of any treatment based on ability to pay and availability of third party payments.

The defendant shall submit to a search of his person, residence, office or vehicle pursuant to the search policy of this court.

Judgment-Page  4  of  6

DEFENDANT:    **KARRIEM ABDULLAH**

CASE NUMBER:    3:97CR00225-002

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **Totals:** | $    200.00 | $ | $ |

☐   If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . .    $ _____

**The $200 assessment consists of special assessments of $100.00 on each count.**

# FINE

The above fine includes costs of incarceration and/or supervision in the amount of    $ _____

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐   The interest requirement is waived.

☐   The interest requirement is modified as follows:

# RESTITUTION

☐   The determination of restitution is deferred in a case brought under Chapters 109A, 110, 110A and 113A of Title 18 for offenses committed on or after 09/13/1994, until _____ .  An Amended Judgment in a Criminal Case will be entered after such determination.

☐   The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | ** Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| | | | |

| | | | |
|---|---|---|---|
| **Totals:** | $ _____ | $ _____ | |

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994.

Judgment-Page __5__ of __6__

DEFENDANT:    **KARRIEM ABDULLAH**

CASE NUMBER:    **3:97CR00225-002**

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A    ☒    in full immediately; or

B    ☐    $ _____ immediately, balance due (in accordance with C, D, or E); or

C    ☐    not later than _____ ; or

D    ☐    in installments to commence _____ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E    ☐    in _____ (e.g. equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ year(s) to commence _____ day(s) after the date of this judgment.

The National Fine Center will credit the defendant for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

**The $200 assessment shall be paid to the United States District Court Clerk for the Middle District of Alabama, P.O. Box 711, Montgomery, Alabama 36101. Any balance which remains unpaid at the commencement of supervision shall be paid according to a schedule to be determined by the probation officer.**

☐    The defendant shall pay the cost of prosecution.

☐    The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments are to be made to the United States Courts National Fine Center, Administrative Office of the United States Courts, Washington, DC 20544, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program. If the National Fine Center is not operating in this district, all criminal monetary penalty payments are to be made as directed by the court, the probation officer, or the United States attorney.

AO 245C (Rev. 3/95) Amended Judgment in a Criminal Case - Sheet 6 - Statement of Reasons     (NOTE: Identify Changes with Asterisks (*))

Judgment-Page __6__ of __6__

DEFENDANT:     **KARRIEM ABDULLAH**

CASE NUMBER:     **3:97CR00225-002**

# STATEMENT OF REASONS

☐ The court adopts the factual findings and guideline application in the presentence report.

## OR

☒ The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):
**The Court finds that the 2 point enhancement for possession of a dangerous weapon is not applicable.**

**Guideline Range Determined by the Court:**

Total Offense Level: ____**38**____

Criminal History Category: ____**I**____

Imprisonment Range: __**235**__ to __**240**__ months

Supervised Release Range: __**2**__ to __**3**__ years

Fine Range: $ __**25,000.00**__ to $ __**2,000,000.00**__

☒ Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: $ ____**0.00**____

☐ Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

☐ For offenses that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

☐ Partial restitution is ordered for the following reason(s):

☒ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

## OR

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

## OR

☐ The sentence departs from the guideline range:

☐ upon motion of the government, as a result of defendant's substantial assistance.

☐ for the following specific reason(s):

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

---

No. 00-15418
Non-Argument Calendar

---

```
FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

NOV 29 2001

THOMAS K. KAHN
CLERK
```

D.C. Docket No. 97-00225-CR-E

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KARRIEM ABDULLAH,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Middle District of Alabama

---

(November 29, 2001)

Before CARNES, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Karriem Abdullah appeals his conviction and sentence of 235 months for

conspiracy to distribute cocaine base and possession with intent to distribute

cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846. Abdullah argues

that under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), his sentence must be limited to the minimum drug quantity specified in 21 U.S.C. § 841(b)(1)(C), because the indictment failed to allege drug quantity.

The applicability of *Apprendi* is a pure question of law that we review de novo. *United States v. Harris*, 244 F.3d 828, 829 (11th Cir. 2001).

The Supreme Court held in *Apprendi* that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. When applying *Apprendi*, we have held that there is no *Apprendi* error, plain or otherwise, when the term of imprisonment falls within the statutory maximum set forth in § 841(b)(1)(C) for a cocaine offense without regard to drug quantity. *United States v. Sanchez*, Nos. 00-13347, 00-13447, slip op. 439, 441 (11th Cir. Oct. 17, 2001) (en banc).

The maximum sentence under 21 U.S.C. § 841(b)(1)(C) is 240 months imprisonment. Because Abdullah's 235-month sentence is within the 240-month maximum sentence, there is no error.

AFFIRMED.

UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

UNITED STATES OF AMERICA,    *

    PLAINTIFF/APPELLEE,    *

                   *

V.    *    CASE NO:  00-15418-GG

                   *    USDC CASE NO. CR97-225-E

KARRIEM ABDULLAH,    *

    DEFENDANT/APPELLANT.    /

PETITION FOR REHEARING (FRAP 40)

PETITION FOR REHEARING EN BANC (FRAP 35)

NOW COMES, Karriem Abdullah, the Appellant, by and    through the undersigned, counsel of appellant and herein moves this  Hon--orable Court to consider this petition for Rehearing and Hearing En Banc, in that, the ends of justice be fairly meeted out.

PURPOSE

In the undersigned counsel's view, one or ¨more¨ Constitut--ional questions exist in which the decision by the Court   failed to address with clarity consistent with Supreme Court decisions.

(1) WHETHER THE ERROR ANALYZED, i.e., DRUG QUANTITY NOT RE--FLECTED WITHIN THE INDICTMENT, NOR SUBMITTED TO  THE TRIAL JURY —ANALYZED UNDER "HARMLESS ERROR"—WAS [AN] ERROR "RARE" INVOLVING [A] 'STRUCTUAL DEFECT  AFFECTING THE FRAMEWORK WITHIN [WHICH] THE TRIAL PROCEEDED'  AND NOT MERELY AN ERROR IN THE TRIAL PROCESS ITSELF.

(2) WHETHER THE COURT'S RELIANCE ON **SANCHEZ** IN DENYING APPEL-
-LANT'S APPEAL 'SETS NEW PRECEDENT THAT INVALIDATES   THE
SUPREME COURT'S LONGSTANDING PRECEDENT LAID IN " EX PARTE
BAIN, 121 U.S. 1 (1887).

(3) WHETHER THE INDICTMENT JUDGED ON ITS FACE CHARGES A FELONY
OFFENSE AND NOT A MERE 'MISDEMEANOR' FEDERAL OFFENSE; AND
WHETHER THE DISTRICT COURT AND THIS COURT HAD ESTABLISHED
SUBJECT MATTER JURISDICTION TO HEAR A MATTER CONCERNING A
SPECIFIED QUANTITY OF CONTROLLED SUBSTANCES THAT WOULD BE
USED FOR SENTENCING PURPOSES .

## STATEMENT OF THE CASE

On September 18, 2000, Karriem Abdullah filed a motion  with
the trial court for relief pursuant to **Apprendi v. New Jersey,**120
**S.Ct. 2348 (2000).** (R1-169-1). On October 5, 2000, the  district
court sentenced Abdullah to a term of **235 months** without any fact
findings to support the probable accuracy of the sentence. . (R1-
173-1).

Notice of Appeal was filed on October 12, 2000. (R1-173-1).

On November 20, 2000, Abdullah filed a petition for writ   of
certiorari in the Supreme Court to this Court's opinion of  July
11, 2000. (USCA No. 98-6595). The case was docketed in the Unit-
-ed States Supreme Court on November 30, 2000, and assigned  Case
No. 00-7245.

On March 19, 2001, writ of certiorari was denied while   this
instant case was pending.

## STATEMENT OF THE FACTS

Karriem Abdullah (hereinafter Appellant) prior appeal resulted
in the Eleventh Circuit remanding the case for the District Court
to determine whether the codefendant's possession of a firearm in
furtherance of the alleged conspiracy was reasonably  foreseeable
by appellant to support a two level enhancement pursuant to U.S.S
.G. § 2D1.1(b)(1). (U.S. v. Abdullah, U.S.C.A No. 98-6595).

The district court during remand, in light  of  the recently
decided case of **Apprendi v. New Jersey, 120 S.Ct. 2348 (2000)** the
United States conceded that the sentence even absent the U.S.S.G.
§ 2D1.1(b)(1) enhancement was nevertheless in violation of **Appre-
-ndi.** However, the United States conceded that the maximum stat-
-utory sentence based on **Apprendi** was **240 months** (R8-7).    This
conclusion by the United States, however, was not supported ' by
any factual evidence presented to the district court. (R8-1-9)  .
..: .During resentencing appellant contended that the least .sent-
-ence that could be imposed because the sentencing court could in
no way decide an issue of [fact] i.e. drug quantity, that was not
submitted to the trial jury nor reflected in the indictment could
be a level 12 pursuant to the U.S.S.G. § 2D1.1(c)(14), 21 U.S.C .
§ 841(b)(1)(C) (0-20 years). (R8-3-5).  Appellant furthermore did
contend that in the alternative appellant should be granted a new
trial to allow [a] jury to make a finding of drug quantity. (R8 -
9-11). The United States by and through the Probation Officer re-

-lied on the fact that because 21 U.S.C. § 841(b)(1)(C) has a cap statutory maximum of 20 years, and because appellant's originally imposed sentence was based on a level 40 pursuant to U.S.S.G. the reduction for the gun enhancement which this Court concluded  was not applicable under U.S.S.G. § 2D1.1(b)(1) lowering the Base Of--fense to 38, Criminal History Category I, 235-293 months was ad--equately reflecting the appropriate range for the purpose of the resentencing. Thus, imposing a sentence of 235 months would  not offend _Apprendi_. (R8-11-12).  Based upon the United States  argu--ment by and through the probation officer, the court accepted in 'Totum.' (R8-12).

The indictment in this case did not allege a  drug   quantity pursuant to 21 U.S.C. §§§ 841(b)(1)(A)-(C). (R1-29-1).  The trial court did not charge the jury that a finding as to drug  quantity must be made.  (R3-667-668).


## STANDARD OF REVIEW


Whether the district court allowed appellant to be convicted and sentenced on an indictment that failed to provide subject  - matter jurisdiction over the offense of conviction. **United States v. Reed**, 980 F.2d 1568, 1581 (11th Cir.1993); see also, **United States v. Griffin** , 303 U.S. 226, 229, 58 S.Ct. 601, 82 L.Ed. 764 (1938).


## SUMMARY OF THE ARGUMENT

Both the United States District Court For the District of Al-

-abama and this Eleventh Circuit Court of Appeals has subject -
matter jurisdiction over all crimes committed against the  laws
of the United States. 18 U.S.C. § 3231. The offense charged  in
the indictment failed to provide the district court with proper
constitutional jurisdiction over the crime alleged in the count
(s) with which appellant was charged. Additionally, failed   to
in any degree charge a 'felony offense' that provides  criminal
jurisdiction for the district court pursuant to the power    in-
-vested by Congress pursuant to **Article III, § 1 et. seq.** Thus,
appellate jurisdiction over appellant's case was not properly ,
nor constitutionally before this Court. Moreover, any procedure
before this Court was in violation of **Article III,** and contrary
to well established laws of the Supreme Court.

The conviction and sentence in the instant case is unconst-
-itutional and violates the Fifth, Sixth and Tenth Amendment of
the United States Constitution. Furthermore,incorrectly decided
appellant's case by basing its decision on **Sanchez, Nos. 00-13347
,00-13447, slip op. 439, 441 (11th Cir. Oct. 17, 2001)** and de—
-ciding that a sentence of 235 months [is] legally imposed as to
appellant and not in violation of **Apprendi v. New Jersey, 120 S.
Ct. 2348 (2000).**

## ARGUMENT AND CITATIONS OF AUTHORITIES

[1].
APPELLANT'S CONVICTION AND SENTENCE IS BASED ON AN "ERROR"
I.E., DRUG QUANTITY NOT REFLECTED WITHIN THE INDICTMENT ,
NOR SUBMITTED TO THE TRIAL JURY  —ANALYZED UNDER "HARMLESS
ERROR" — WAS [AN] ERROR INVOLVING [A] STRUCTUAL DEFECT AFFECTING
THE "FRAMEWORK WITHIN [WHICH] THE TRIAL PROCEEDED"

The errors occurring in **Arizona v. Fulminante,** 499 U.S. 279 , 310, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991) are not errors of  not submitting a charge to the 'grand jury', but in the trial process, therefore, an appellate court could examine that process and dis- -cern that "overwhelming" and "essentially uncontroverted"  evi- -dence presented at trial supported the charges the grand jury had returned against the defendants. See **Johnson,** 520 U.S. at 470, 117 S.Ct. 1544 (internal quotations omitted). This Court's decision in Sanchez, **supra,** relies on **United States v. Nealy,** 232 F.3d at 829 n. 4 (quoting **Arizona v. Filminante,** 499 U.S. 279, 310, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991)); **United States v. Smith,** 240  F. 3d 927, 929 (11th Cir.2001); and **United States v. Candelario,** 240 F. 3d 1300, 1308 (11th Cir.)(same), cert denied, ___U.S.___, 121 S.Ct 2535, 150 L.Ed.2d 705 (2001) in which it gauge its determinations concerning appellant's case. However, upon this assessment   of the evidence at trial, the Supreme Court in **Johnson** and the cases decided by this Court above could conclude with confidence  .that declining to notice a court's sentencing errors would not "serio- -usly affect the fairness, integrity or public reputation of  the judicial process." **Id.** (quoting **Olano,** 507 U.S. at 736, 113 S.Ct. 1770). Appellant's case is much distinguishable from  the  above cases.  Appellant objected to the quantity of controlled substan- -ces throughout trial and subsequently at sentence and direct ap- -peal.

Such a determination is virtually impossible in a case  like that at hand in which the appellant has never been charged with , or indicted of, the crime for which appellant has been sentenced. It is impossible because grand jury proceedings are secret. Thus,

a court simply "cannot know whether the grand jury would have in-
-cluded in its indictment" a charge not before it. Stirone, 361 U
.S. at 219, 80 S.Ct. 270.   Assessment of the evidence presented at
trial provides no reliable assurance as to what facts were   pre-
-sented to, or found by, the grand jury. To attempt to judge fair-
-ness or the constitutionality of a sentence based on charges that
were never made to a grand jury is to have this Court "make a su-
-bsequent guess as to what was in the minds of the grand ju[rors]."
Russell v. United States, 369 U.S. 749, 770, 82 S.Ct. 1038, 8 L.E
d.2d 240 (1962).   The Supreme Court has outlawed such " post hoc"
guesswork, precisely because it would allow a defendant to   " be
convicted on the basis of facts not founded by, and perhaps   not
even presented to, the grand jury which indicted him." Id.   This
is why, quite unlike most trial errors, "an indictment found by a
grand jury [i]s indispensable to the power of the court to try   [
the defendant] for the crime with which he was charged." Ex Parte
Bain, 121 U.S. at 12-13, 7 S.Ct. 781 (emphasis added).   Indeed   ,
"the lack of grand jury indictment ... gives rise to a right  not
to be tried." Midland Asphalt Corp. v. United States, 489 U.S 794,
802, 109 S.Ct. 1494, 103 L.Ed.2d 879 (1989)(emphasis added). Thus,
while it is appropriate for a reviewing court to assess the avail-
-able evidence in determining when to notice instructional .errors
or other errors occurring at trial, a court simply does not   have
the "power" to review the evidence presented at trial   before   a
grand jury's indictment allows it do so. See Stirone, 361 U.S.  at
215, 80 S.Ct. 270 ("[T]he Fifth Amendment requires that prosecutions
be begun by indictment."). Because the grand jury is "not bound to
indict in every case where a conviction can be obtained." Vasquez

v. Hillery, 474 U.S. 254, 263, 106 S.Ct. 617, 88 L.Ed.2d 598 (1986)
, our judicial system does not permit this, or any other court   to
[usurp] the grand jury's role as gatekeeper. The Court today   has
done just this **sub silentio**, stating that "[t]here was no error  in
the sentence imposed upon Appellant based upon **Sanchez's** decisions,
which, applied "Harmless Error" review to [a] grand jury's  indict-
-ment.  The Court's message in **Sanchez** is flawed by established and
settled laws of the United States Supreme Court.


## ISSUE(S) TWO


Whether the Court's decision in **United States v. Sanchez**, Nos .
00-13347, 00-13447, slip op. 439, 441 (11th Cir.Oct. 17, 2001)( en
banc), in effect invalidate the Supreme Court's longstanding prece-
-dent holding of **Ex Parte Bain**, 121 U.S. 1, 12-13, 7 S.Ct. 781,  30
L.Ed. 849 (1887), is a question of exceptional importance that  the
Court in **obiter dictum** in **Sanchez** effected.

The Fifth Amendment to the United States Constitution .requires
that "[n]o person shall be held to answer for a capital, or other-
-wise infamous crime, unless on a presentment or indictment of   a
Grand Jury.* The Supreme Court has explained that " and indictment
founded by a grand jury [is] indispensable to the power of the court
to try the petitioner for the crime with which he was charged," **Ex
Parte Bain**, 121 U.S. 1, 12-13 (1887), and "that a court cannot per-
-mit a defendant to be tried on charges not made in the  indictment
against him," **United States v. Stirone**, 361 U.S. 212, 217 (1960)  (
emphasis added). Thus, when an indictment fails to set forth an "es-
-sential element of a crime," "[t]he court ... ha[s] no jurisdiction
to try [a defendant] under that count of the indictment." **United St-**

-ates v. Hooker, 841 F.2d 1225, 1232-33 (4th Cir.1988). And , of course, a district court cannot impose a sentence for a crime over which it does not even have jurisdiction to try a defendant. Indeed, the Supreme Court explained in **Apprendi v. New Jersey**, 530 U.S. 466 (2000), that the " indictment must contain an allegation of every fact which is <u>legally</u> <u>essential</u> to the punishment to be inflicted," 530 U.S. at 490 n.15 (emphasis added)(quoting United States v. Reese, 92 U.S. 214, 232-33 (1875)), because '"[t]he judge's role in sentenc- -ing is constrained at its outer limits by the facts alleged in the indictment and [found by the jury]," <u>id. at</u> 483 n. 10. Thus, because an indictment setting forth all essential elements of an offense is both mandatory and jurisdictional, and a "defendant cannot be 'held to answer' for any offense not charged in an indictment returned by a grand jury," **United States v. Tran**, 234 F.3d 798, 808 (2d Cir. 2000) , a court is without "jurisdiction to ... <u>impose a sentence</u> for an offense not charged in the indictment,* id. (emphasis added); <u>id.</u> ( "[A] prosecutor cannot make [a] jurisdictional end run --as done in appellant's case --and then urge the court to sentence the defend- -ant for an offense for which the defendant was neither charged nor convicted.").

These cardinal principles of jurisprudence firmly laid by the Supreme Court over a century ago in <u>**Ex Parte Bain**</u>, <u>supra</u>, which light is the determination a court must make to charter its determ- -ination of whether a defendant is being tried and convicted for a crime charged by grand jury indictment is eviscerated by <u>**Sanchez 's**</u> <u>obiter</u> <u>dictum</u> decision. Mainly, because the court's initiative to hear <u>Sanchez</u> <u>en</u> <u>banc</u>, and to expound thereon, was beyond the issues to be resolve by the Court. The issue presented the Court, was whe-

-ther Sanchez's sentence was in violation of **Apprendi v. New Jersey**, 530 U.S. 466 (2000). Whether the colloquy to determine the is--sue of Sanchez's guilt of the crime charged was adequate; and was the sentence imposed upon Sanchez exceeded the statutory maximum a--uthorized for the offense of conviction. The panel opinion held in its previous opinion, however, that there was "no prejudice" be--cause, inter alia, the Sanchezes' sentences fell below the maximum penalty permitted under 21 U.S.C. § 841(b)(1)(C). That panel relied on an already decided case by this Court, **United States v. Rogers**, 228 F.3d at 1300. To go beyond already established laws set by both this Court and the Supreme Court relative to "plea agreements or of pleas", **United States v. DePace**, 120 F.3d 233, 237 (11th Cir.1997) (citing **Bell**, 776 F.2d 965, 968 (11th Cir.1985)); **McCarthy v. Unit--ed States**, 394 U.S. 459, 465, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), was not needed, thus, 'obiter dictum' that distorts the issues at bay in appellant's case. That is, whether or not 'Harmless Error' is an appropriate methology to decide an issue bearing on an indictment founded by a grand jury and not merely a trial error itself.

The majority in foot note 50, in effect **sub silentio** suggests, that the Supreme Court's decision in **Stirone** ha[s] been diminished by the Supreme Court's decision in **Chapman v. California, 386 U.S**. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). **Chapman** held that, some constitutional errors could be deemed harmless; it did not state any where that constitutional errors already deemed harmful by the Sup--reme Court could henceforth be regarded as harmless. Put differ--ently, **Chapman** did not give appellate courts license to survey the landscape of constitutional errors and recategorized them as they wish. **Barkett**, Circuit Judge, concurring in result only, id at foot

14, Sanchezes' opinion. Barkett also eloquently expressed that this
Court long ago in United States v. Peel, 837 F.2d 975, 979 (11th Cir.
1988) stated: "this court reiterated that "a constructive amendment
of a grand jury's indictment is reversible error per se." Id. (emp-
-hasis in original). Appellant submits, that when and until,   the
Supreme Court holds that Stirone errors are harmless, its statement
that some constitutional errors [may] be harmless has no effect  in
any way whatsoever on the precedential force of its holding in Sti-
-rone. This Court decided long after Chapman, recognizing that the
law deems constructive amendments of a grand jury indictment  to be
reversible error per se. Having decided appellant's case under the
dictates of Sanchez obliterates this firm tenet under the Rule  of
Law of the Supreme Court.


## ISSUE(S) THREE


Whether the indictment judged on its face charge a felony off-
-ense and not merely a "misdemeanor" federal offense, Packnett  v.
United States, 503 F.2d 949, 950 (5th Cir.1974), is a question  of
utmost importance insofar as punishment to be inflicted.[1]/

It is again a cardinal principle, that it is  the   punishment
prescribed which makes an act a crime, not mere interdiction   of
conduct without punishment. United States v. Martinez-Gonalez,  89
F.Supp 62, 64 (S.D. Cal.1950); see also, 21 American Jurisprudence

_____/

[1]/     In Bonner v. City of Pritchard, 661 F.2d 1206, 1207 (11th
         Cir.1980) (The Eleventh Circuit accepted as binding all
         former Fifth Circuit decisions as precedent render be-
         - fore October 1, 1981 )(emphasis added).

2d., Criminal Law § 5, at 118 : "[To] constitute a crime, the act in question, must ordinarily be one to which is annexed, upon con-
-viction, a certain specified punishment. It has also been held that a statute declaring an act unlawful, but prescribing no pen-
-alty, does not create a crime. Id. (emphasis added). In a recent case before the Supreme Court, **Edwards v. United** States, 523 U.S. 511 (1998), on brief for the United States, the Solicitor General stated, " If the type and quantity of drugs involved in a conspi-
-racy were truely "elements" of the offense defined by section 846, the failure to plead and prove those elements would invalidate not only petitioner's sentences, but thier convictions as well." Id at Solicitor General's Brief at 25. This would be true, especially, now that the Supreme Court has made this manifestation that   drug quantity under 21 U.S.C. 846 crimes, per **Apprendi**, the amount   in controversy must be made in the indictment and submitted to a jury and be proven beyond a reasonable doubt. **Apprendi**, 530 U.S. 466 ( 2000); see also e.g., **In Re Winship**, 397 U.S. 358, 364. This his-
-torical foundation for these principles extends centuries down in-
-to the common law. While judges in this country has long exercise discretion in sentencing, such discretion is bound by the range  of sentencing options prescribed by the legislature. See e.g., **United States v. Tucker**, 404 U.S. 443, 447. The historic inseparability of verdict and judgement and the consistent limitation on judges' dis-
-cretion highlight the novelty of a scheme that removes   the   jury from the determination of a fact that exposes the appellant   to   a penalty he could receive if punished according to the facts reflec-
-ted in the jury verdict alone. **McMillan v. Pennsylvania**, 477 U.S. 79, was the first case in which the Court used "sentencing factor "

to refer to a fact that was not founded by the jury but could aff-
-ect the sentence imposed by the judge. In finding that the scheme
at issue there did not run afoul of **Winship's** strictures, the Sup-
-reme Court did not budge from the position that (1) constitution-
-al limits exist to States' authority to define away facts necess-
-ary to constitute a criminal offense, **id.**, at 85-88, and (2)    a
State scheme that keeps away from the jury facts exposing defendants
to greater or additional punishment may raise serious constitution-
-al concerns, **id.**, at 88. **Almendarez-Torres v. United** States,   523
U.S. 224 —in which the Court upheld a federal law allowing a judge
to impose an enhanced sentence based on prior convictions not allege
in the indictment —represents at best an exceptional departure from
the historic practice.  This subliminal message here by the Supreme
Court, quoted in **Apprendi**, stood for the proposition that, **Almenda-**
**-rez-Torres** was not viable. The same year **Almendarez-Torres**     was
decided, this Court in **United States v. Stone**, 139 F.3d 822  ( .11th
Cir.1998) quoted :" [I]t is a serious matter, obviously, to deprive
an American citizen of civil rights as important as the right    to
vote, the right to keep and bear arms, and the right to engage in a
chosen business or profession. For sentencing judge to effect   such
a deprivation by factual findings that would convert    what    would
otherwise be a "misdemeanor" into a 'felony' seems to [us] an    im-
-permissible usurpation of the historic role of the jury. The prin-
-ciple that a defendant is entitled to have a jury of his peers de-
-termine whether or not he has committed a felony is a "  principle
of justice so rooted in the traditions and conscience of our people
," we believe "as to be ranked as fundamental." (The quoted phrase,
which has been used by the Supreme Court repeatedly, appears in Mc-
-Millan v. Pennsylvania, 477 U.S. [79] at 85 [106 S.Ct. 2411, 2415,

19 L.Ed.2d 67 (1986)]. Citations omitted.) We are not prepared to jettison such a principle if we are not required to do so." id., at 831 (emphasis added). Unbelievably, this Court has done just the opposite here in appellant's case by allowing a sentence to stand that carries with it [no] constitutional foundation with which to stand upon; and, a conviction reeking of foul, in that, not all ne--cessary elements essential to constitute the crime with which app--ellant was charged was proven beyond a reasonable doubt.

Appellant has been sentenced to a sentencing guideline range within a statutory framework, to 235 months imprisonment, how was appellant's sentence jettison to this range under the United State Sentencing Guidelines without drug quantity being established as required per Apprendi, is a question posing consequent evil if not tackled and dismantled. Because, there has not been an 'iota' of evidence suggesting with clarity how could this sentence be deemed legal or constitutional and not rather consequently, unlawfully in violation of the sacred due process rights of the Fifth Amendment. The government presented no quantity within the indictment and ap--pellant was not placed on 'Notice' as required by the Fifth amend--ment Indictment Clause and Sixth amendment that he would be re--quired to defend an actual amount which will be tantamount to the punishment to be inflicted if convicted for the drug offense. In an unattentive decision this Court has fallen prey to the district court's error. This is so because, first, the Probation officer at resentencing clearly stated; "Probation continues to agree with the government. Apprendi only applies to raising the statute to--wards a maximum. In this case [we] don't [know] what drugs the Defendant [was exposed to], what [penalties he was exposed to], so

two hundred and 40 months, the maximum under 841(C) would be benef-
-icial to him, and Apprendi only applies to that, to the maximum
penalty, enhancing the maximum penalty."id., at Resentencing, ¶ 12,
para. 13-20. (emphasis added). Following after, the district court
in imposing the sentence stated; "The sentence is ordered imposed
at two hundred and 40 months be[cause] of the seriousness of the
offense, [t]he [quantity of drugs involved], and the Defendant'role
in the offense, and because it is within the guideline range deter-
-mined by the Court." id., at Resentencing, ¶ 17, para. 9-13. (emph-
-asis added). The very premise followed by the Supreme Court with
which it decided **Apprendi**, the district court embraced, i.e., deci-
-ding [a] jury's question on a fact, i.e., drug quantity, the <u>sine</u>
<u>qua non</u> subsequent to determine whether the offense was a felony or a
mere misdemeanor and the punishment to be inflicted after conviction.
The Supreme Court has 'outlawed this practice' in **Apprendi, supra** ,
of a judge deciding a fact traditionally known to be a jury's role.

Appellant submits **sub judice** that the Court's decision here in
the instant case for reasons set forth herein is in error with that
of the Supreme Court's jurisprudence under the Rule of Law. See ,
**United States v. R.L.C., 503 U.S.___, 117 L.Ed.2d 559, 112 S.Ct___(**
**1992)**(addressing both statutory maximums of Guideline and statute).

## CONCLUSION

**WHEREFORE,** for the foregoing reasons and established Rule of
laws laid by the High Supreme Court, and because this Court's dec-
-isions in reaching the merits of Appellant's case via **Sanchez** its
important that this virus of vague interpretational law used both
in **Sanchez's** dictum and appellant's case should be cured by reason
of Rehearing and Hearing en banc to fester out the infirmities.

May the Court grant all other relief warrant appropriate.

Respectfully Submitted,

_Karriem Abdullah_

## CERTIFICATE OF SERVICE

I Karriem Abdullah, hereby, Certify, that a true and correct copy of this petition for "Rehearing and Hearing En Banc"  has been mailed to the following party(s) via U.S. Mail prepaid:

c/o Assistant U.S. Attorney
    **Kent B. Brunson**
    Post office Box 197
    Montgomery, Alabama 36101

c/o **Counsel For Appellant/Defendant**
    600 South McDonough St.
    Montgomery, AL 36104

## IN THE UNITED STATES COURT OF APPEALS

### FOR THE ELEVENTH CIRCUIT

```
FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

FEB 0 1 2002

THOMAS K. KAHN
CLERK
```

No. 00-15418-GG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KARRIEM ABDULLAH,

Defendant-Appellant.

--------------------------

On Appeal from the United States District Court for the
Middle District of Alabama

--------------------------

ON PETITION(S) FOR REHEARING AND PETITION(S) FOR REHEARING EN BANC
(Opinion_____, 11th Cir., 19__, _____F.2d_____).

Before: CARNES, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

The Petition(s) for Rehearing are DENIED and no Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc (Rule 35, Federal Rules of Appellate Procedure), the Petition(s) for Rehearing En Banc are DENIED.

ENTERED FOR THE COURT:

_____
UNITED STATES CIRCUIT JUDGE

ORD-42
(12/01)

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 00-15418-GG

```
FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

FEB 0 1 2002

THOMAS K. KAHN
CLERK
```

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee

        versus

KARRIEM ABDULLAH,

                        Defendant-Appellant.

        --------------------------
On Appeal from the United States District Court for the
            Middle District of Alabama
        --------------------------

BEFORE:  CARNES, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

    The petition for rehearing filed by Karriem Abdullah is

DENIED.


ENTERED FOR THE COURT:


_____
  UNITED STATES CIRCUIT JUDGE

                                        ORD-41

## SUPREME COURT OF THE UNITED STATES

Abdullah, Karriem _____
          Petitioner

                    v.                    No. 01-8823 ___

United States _____
          Respondent

To ___ Leura Garrett Canary, U.S. Attorney Counsel for Respondent:

    YOU ARE HEREBY NOTIFIED pursuant to Rule 12.3 that a petition for writ of certiorari in the above-entitled case was filed in the Supreme Court of the United States on **February 27, 2002,** and placed on the docket **March 7, 2002.** Pursuant to Rule 15.3, the due date for a brief in opposition is **April 6, 2002.** If the due date is a Saturday, Sunday, or federal legal holiday, the brief is due on the next day that is not a Saturday, Sunday, or federal legal holiday.

    Unless the Solicitor General of the United States represents the respondent, a waiver form is enclosed and should be sent to the Clerk only in the event you do not intend to file a response to the petition.

    Only counsel of record will receive notification of the Court's action in this case. Counsel of record must be a member of the Bar of this Court.

Jeffery M. Duffey ___ 03-14.02 ___
Counsel for Petitioner

600 S. McDonough St.
_____
**Number and Street**

Montgomery, AL 36104
_____
**City, State, and Zip Code**

334-834-4100
_____
**Telephone Number**

**NOTE: This notice is for notification purposes only, and neither the original nor a copy should be filed in the Supreme Court.**

IN THE SUPREME COURT OF THE UNITED STATES

ABDULLAH, KARRIEM            )
    Petitioner           )
                       )
                       )
                       )
                       )
                       )
       vs.              )      No. <u>01-8823</u>
                       )
                       )
                       )
USA                         )

<u>WAIVER</u>

    The Government hereby waives its right to file a response to the petition in this case, unless requested to do so by the court.


                                 _____
                                  THEODORE B. OLSON
                                  Solicitor General
                                   <u>Counsel of Record</u>

March 14, 2002


cc: JEFFERY C. DUFFEY
    600 S. MCDONOUGH STREET
    MONTGOMERY, AL  36104

NO. _____

_____

IN THE

SUPREME COURT OF THE UNITED STATES

_____

KARRIEM ABDULLAH,   PETITIONER

V.

UNITED STATES OF AMERICA, RESPONDENT.

## MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

The petitioner asks leave to file the attached petition for writ of certiorari

without prepayment of costs and to proceed *in forma pauperis*.

[x]   Petitioner has previously been granted leave to proceed *in forma*

*pauperis* in this case in the lower court:

> U.S. Court of Appeals for the Eleventh Circuit, Case No. 00-15418-GG
> entered on October 12, 2000, for appeal pursuant to the Criminal Justice
> Act (18 U.S.C. 3006A).
> [ ] Petitioner has **not** previously been granted leave to proceed *in forma*

*pauperis* in the following courts(s).

Dated this 27th day of February, 2002.

Jeffery C. Duffey
Counselor for Petitioner

NO. _____

IN THE

SUPREME COURT OF THE UNITED STATES

_____

KARRIEM ABDULLAH,

PETITIONER,

V.

UNITED STATES OF AMERICA,

RESPONDENT.

_____

ON PETITION FOR WRIT OF CERTIORARI
TO THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

PETITION FOR WRIT OF CERTIORARI

_____

JEFFERY C. DUFFEY
COUNSEL OF RECORD
FOR PETITIONER
600 S. MCDONOUGH ST.
MONTGOMERY, AL 36104
TELEPHONE: 334/834-4100
FAX: 334/834-4101

## QUESTION PRESENTED

Whether the United States Sentencing Guidelines are laws that actually determine the maximum penalty for a crime thereby rendering <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000) applicable.

i

# LIST OF PARTIES

All parties appear in the caption of the case on the cover page.

# TABLE OF CONTENTS

**PAGE**

OPINION BELOW ............................................... 2

JURISDICTION ................................................. 2

CONSTITUTIONAL AND STATUTORY PROVISIONS ................. 2

STATEMENT OF THE CASE ...................................... 4

REASONS FOR GRANTING THE WRIT ............................. 7

CONCLUSION ................................................. 11

## INDEX TO APPENDICES

Opinion of the Court of Appeals ........................... APPENDIX A

21 USC 841 ............................................ APPENDIX B

U.S. Sentencing Guidelines § 1B1.3 ........................ APPENDIX C

U.S. Sentencing Guidelines § 2D1.1 ........................ APPENDIX D

U.S. Sentencing Guidelines § 3B1.1 ........................ APPENDIX E

Sentencing Guideline Table ................................ APPENDIX F

# TABLE OF AUTHORITIES

## CONSTITUTIONAL PROVISIONS

Fifth Amendment to the U.S. Constitution . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2,11

Sixth Amendment to the U.S. Constitution . . . . . . . . . . . . . . . . . . . . . . . . . . . 2,11

## STATUTES AND RULES

18 U.S.C. § 3553(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

21 U.S.C § 841  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2,3,7,8

28 U.S.C 994(p). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,9

Rules 13 and 29.2, Supreme Court Rules  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

U.S.S.G. § 1B1.3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2,10

U.S.S.G. § 2D1.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2,3,8,10

U.S.S.G. § 3B1.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2,3,10

## CASES

Apprendi v. New Jersey, 530 U.S. 466  . . . . . . . . . . . . . . . . . . . . . . . . i,4,6,7,11

Miller v. Florida, 482 U.S. 423 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Mistretta v. United Stated, 488 U.S. 361 (1989)  . . . . . . . . . . . . . . . . . . . . . . . . 9

United States v. Bell, 991 F. 2d 1445 (8th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . 10

United States v. Cotton, No. 01-687, cert granted Jan. 4, 2002 . . . . . . . . . . . . . 11

United States v. Sanchez, Nos. 00-13347, 00-13447, slip op. 439, 441 ( 11th Cir.
Oct. 17, 2001[269 F. 3d 1250 (11th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . 7,11

## OPINIONS BELOW

The unpublished opinion of the U.S. Court of Appeals for the Eleventh

Circuit appears at Appendix A to this petition.

## JURISDICTION

The judgment of the Court of Appeals was entered on November 29, 2001.

This petition is timely filed on February 27, 2002, pursuant to Rules 13 and 29.2,

Supreme Court Rules.   This Court's jurisdiction is invoked under 28 U.S.C. §

1254(1).

## CONSTITUTIONAL AND STATUTORY PROVISIONS

1. Fifth Amendment, U.S. Constitution:

> No person shall be held to answer for a capital, or
> otherwise infamous crime, unless on a presentment or
> indictment of a grand jury, except in cases arising in the
> land or naval forces or in the militia, when in actual
> service in time of war or public danger; nor shall any
> person be subject for the same offense to be twice put in
> jeopardy of life or limb; nor shall be compelled in any
> criminal case to be a witness against himself, nor be
> deprived of life, liberty, or property without due process
> of law; nor shall private property be taken for public use,
> without just compensation.

2. Sixth Amendment, U.S. Constitution:

> In all criminal prosecutions, the accused shall enjoy the
> right to a speedy and public trial, by an impartial jury of
> the state and district wherein the crime shall have been
> committed, which district shall have been previously
> ascertained by law, and to be informed of the nature and
> cause of the accusations; to be confronted with the
> witnesses against him; to have compulsory process for
> obtaining witnesses in his favor, and to have the
> assistance of counsel for his defense.

3. 21 USC 841:                        See Appendix B

4. U.S. Sentencing Guidelines § 1B1.3    See Appendix C

5. U.S. Sentencing Guidelines § 2D1.1    See Appendix D

6. U.S. Sentencing Guidelines § 3B1.1    See Appendix E

7. Sentencing Guideline Table          See Appendix F

## STATEMENT OF THE CASE

Karriem Abdullah was charged in three counts of a six count indictment

filed October 29, 1997, in the Middle District of Alabama . Count I charged

Abdullah and co-defendant Jeffrey Jones with conspiring to distribute cocaine

base between September 6, 1996 and September 25, 1997. Counts V and VI

charged Abdullah with distributing cocaine base on September 5, 1997 and

2

September 23, 1997. (R2-1-1). The indictment did not allege any drug quantity pursuant to 21 USC 841(b). (R1-29-1).

On May 21, 1998, a jury returned a verdict of guilty on Counts I and VI and a verdict of not guilty on Count V. (R2-119, 121 -1). The jury was not instructed that a finding as to drug quantity must be made, nor was there a finding by the jury as to drug quantity. (R3-639 - 661; R3-667, 668).

On July 29, 1998, Abdullah was sentenced to a term of 292 months on Counts I and VI to be served concurrent. (R2-148-1). The court determined 562.4 grams of cocaine base was attributed to Abdullah setting a base offense level of 36, Criminal History I, U.S.S.G. , § 2D1.1(a)(3). This made the Guideline range 188-235 months. (R10-37). Abdullah was assessed a two level enhancement for role in the offense pursuant to U.S.S.G., 3B1.1(c). This increased the offense level to 38 with a guideline of 235-293 months. Another two level enhancement for possession of a firearm pursuant to U.S.S.G. § 2D1.1(b)(1) was assessed. This further increased the offense level to 40, Guideline range 292-365 months. (R10-26, 31).

On August 7, 1998, Abdullah filed notice of appeal (hereinafter Appeal I)

3

to the U.S. Court of Appeals for the Eleventh Circuit. (USCA No. 98-6595).

(R2-150, 151-1). On July 11, 2000, the appellate Court issued a non-published

opinion in Appeal I which affirmed his conviction and affirmed his sentencing in

part, but vacated and remanded his sentencing in part. USCA. No. 98-6595. The

sentence was vacated as to the two level firearm enhancement only. Rehearing

was denied on August 22, 2000. On November 20, 2000, Abdullah filed a petition

for writ of certiorari in the U.S. Supreme Court to the Appellate Court's opinion in

Appeal I. (USCA No. 98-6595). On March 19, 2001, the U.S. Supreme Court

denied Abdullah's petition for certiorari in Appeal I. See U.S.S.Ct. No. 00-7245.

On September 18, 2000, the district court vacated Abdullah's original

sentence pursuant to Appeal I and set a new sentencing date. (R1-167-1). On

September 28, 2000, Abdullah filed a motion with the trial court for relief

pursuant to Apprendi v. New Jersey, 120 S.Ct. 2348(2000). (R1-172-1). On

October 5, 2000, the trial court resentenced Abdullah to a term of 235 months.

(R1-172-1). The trial court reduced Abdullah's offense level by two points to

level 38 by eliminating the previous two level enhancement for possession of a

firearm. The guideline range was then 235 months to 293 months. Notice of

4

Appeal (hereinafter Appeal II) was filed on October 12, 2000. (R1-173-1). On

November 29, 2001, the appellate court affirmed Appeal II. This petition for

certiorari arises out of Appeal II.

The trial court's finding that 562.4 grams of cocaine base was attributable to

Abdullah was based upon the following. The probation officer alleged in the

prosentence investigation report that it was based upon a September 4, 1997,

negotiation to purchase 197.3 grams of cocaine base and a sale of cocaine base on

September 23, 1997, in the amount of 365.1 grams of cocaine base for a total of

562.4 grams. (R1-144-6). Abdullah objected to the probation officer's

assessment and contended that for guideline purposes Abdullah should be held

accountable for 365.1 grams involving the September 23, 1997, transaction only.

Abdullah further argued that he was specifically acquitted of the September 5,

1997, charge in Count V of the indictment and that amount should be excluded.

(R2-144-Addendum p.1).

Contrary to the probation officer's assessment Abdullah did not sell any

drugs on September 4, 1997. According to the testimony of informant Griffin an

attempt was made to buy drugs from co-defendant Jones on September 4, 1997.

Griffin made two trips to Jones' residence and on one of those trips he saw

Abdullah there.   Griffin said Abdullah indicated he could get a key of drugs for

Griffin, but Griffin refused to give him any money to do so and no purchase was

made.   Griffin then states that he purchased cocaine the next day, September 5,

1997, from Jones.   Another guy was present on that date, but it was not Abdullah.

(R6-32,33,198, 135, 136, 137).   Although Abdullah was charged by indictment

with a substantive offense on September 5, 1997, a jury found him not guilty of

same.   The amount of drugs Griffin purchased from Jones on September 5, 1997,

was 197.3 grams.  (R6-139; (R7-350).   The only thing that remotely connected

Abdullah to that transaction was testimony that Abdullah's thumb print was found

on one of the 9 baggies that contained the drugs transacted on September 5, 1997.

(R7-474, 475).

## **REASONS FOR GRANTING THE WRIT**

Whether the United States Sentencing Guidelines are laws that actually

determine the maximum penalty for a crime thereby rendering Apprendi v. New

Jersey, 530 U.S. 466 (2000) applicable.

## ARGUMENT

This Court held in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000) that:

> Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.

530 U.S. at 490.

The appellate court affirmed Abdullah's sentence and stated in its unpublished

opinion that:

> When applying <u>Apprendi</u>, we have held that there is no <u>Apprendi</u> error, plain or otherwise, when the term of imprisonment falls within the statutory maximum set forth in § 841(b)(1)(C) for a cocaine offense without regard to drug quantity. <u>United States v. Sanchez</u>, Nos. 00-13347, 00-13447, slip op. 439, 441 (11th Cir. Oct. 17, 2001. (en banc). [269 F.3d 1250 (11th Cir. 2001).
>
> The maximum sentence under 21 U.S.C. § 841 (b)(1)(C) is 240 months imprisonment. Because Abdullah's 235-month sentence is within the 240 month maximum sentence , there is no error.

See Appendix A, opinion at page 2.

The Abdullah indictment failed to list any quantity of drugs. The trial court did

not instruct the jury that it must make a finding as to quantity of drugs.   The jury's

verdict did not have a finding of a quantity of drugs attributable to Abdullah.

Abdullah's sentence was imposed pursuant to the sentencing guidelines based solely upon a finding by the trial court as to an amount of drugs it deemed attributable to Abdullah and based upon an enhancement for role in the offense.

Although the appellate court held that Abdullah was properly sentenced pursuant to 21 U.S.C. § 841(b)(1)(C) which sets a maximum punishment of 240 months, Abdullah's actual punishment was set by the United States Sentencing Guidelines. Abdullah contended that since he was sentenced pursuant to 21 U.S.C § 841(b)(1)(C) the quantity used for sentencing should have been capped at less than 5 grams as specified in 21 U.S.C. § 841 (b)(1)(C). The statute provides that one is sentenced under 21 U.S.C.§ 841(b)(1)(A) (iii) for 50 grams or more of cocaine base; 21 U.S.C. § 841(b)(1)(B) provides for a sentencing involving 5 grams to 50 grams; and 21 U.S.C. § 841(b)(1)(C) is less than 5 grams. Pursuant to United States Sentencing Guidelines this would have given Abdullah a guideline range for sentencing purposes of offense level 24 for a guideline sentencing range in Criminal History Category I of 51 to 63 months. U.S.S.G., 2D1.1(a)(3).

The trial court's drug quantity finding placed Abdullah in a sentencing guideline range level that was an increased maximum from that to which Abdullah

8

contended was applicable (from offense level 24 for less than 5 grams to offense level 36 for 562.4 grams).  Abdullah contends the guideline range at its greatest point should have been 151-188 months (offense level 34) based upon a quantity of 197.3 grams of cocaine base.    The court found a guideline range of 188-235 months (offense level 36) based upon a finding of 562.4 grams of cocaine base.  That alone was an increase in the maximum punishment of 47 months.    In addition,  the two level enhancement for role in the offense (offense level 38) also increased the maximum punishment available to a guideline range of 235 - 293 months.  Abdullah received a sentence of 235 months.

A defendant must be sentenced in compliance with the sentencing guidelines. This is a mandatory requirement and is not optional.    18 U.S.C. § 3553(b).  It has been stated that the guidelines "have the force and effect of laws, prescribing the sentences criminal defendants are to receive."  Mistretta v. United States, 488 U.S. 361, 413 (1989) (Scalia, J., dissenting).  The guidelines actually become law unless Congress affirmatively modifies or disapproves same.  See 28 U.S.C. § 994(p). Therefore, it appears the sentencing guidelines rather than the actual sections of the United States Code are the laws that determine the maximum penalty applicable  in

a case.  This also appears to be supported by the decision of this Court in <u>Miller v.</u>

<u>Florida</u>, 482 U.S. 423, 435 (1987) which held that Florida's sentencing guidelines

were "laws" subject to the ex post facto proscription.  ("[T]he revised sentencing law

is a law enacted by the Florida legislature, and it has the force and affect of law.")

It appears that most federal courts of appeal have held that the Federal

Sentencing Guidelines are "laws" subject to the proscription against ex post facto

laws.  See <u>United Stated v. Bell</u>, 991 F. 2d 1445, 1447, n. 4 (8th Cir. 1993).

The sentencing guideline enhancement provisions at issue in this case, i.e. the

drug quantity determination pursuant to U.S.S.G., 2Dl.1(a)(3), the drug quantity

enchantment pursuant to U.S.S.G § 1B1.3 and role in the offense enhancement

pursuant to U. S.S.G. § 3B1.1 increase the prescribed range of penalties and

maximum to which Abdullah was exposed. Abdullah received an increase in his

maximum guideline range as set out above  and he was sentenced to 235 months.

Had this matter been submitted to a jury as to quantity there would be no question as

to what prescribed range of penalties he would have been exposed to.   Abdullah

contends that if guidelines are laws subject to the proscription of the ex post facto

clause then guideline sentencing enhancement provisions should be considered laws

10

so as to invoke the protections of a jury trial and proof beyond a reasonable doubt mandated by <u>Apprendi.</u> To hold otherwise violates Abdullah's Fifth and Sixth Amendment rights pursuant to the United States Constitution.

The Eleventh Circuit and other lower courts have held that <u>Apprendi</u> does not require the submission of sentencing guideline facts to a jury for determination beyond a reasonable doubt. See <u>United States v. Sanchez</u>, Nos. 00-13347, 00-13447, slip op. 439, 441 (11th Cir. Oct. 17, 2001). (en banc) [269 F. 3d 1250 (11th Cir. 2001)]. Abdullah contends this Court should apply <u>Apprendi</u> to the sentencing guidelines and over rule those cases.

This Court has recently accepted for review the question whether <u>Apprendi</u> is applicable to an enhanced sentence. See <u>U.S. v. Cotton,</u> No. 01-687, cert. granted Jan. 4, 2002. Ruling below 261 F. 3rd 397 (4th Cir. 2001).

## CONCLUSION

This petition for a writ of certiorari should be granted, and the question of whether <u>Apprendi</u> is applicable to the sentencing guidelines should be decided, by this Court, and upon consideration of same Abdullah's case should be reversed and remanded in conformity therewith.

11

Respectfully submitted,

Jeffery C. Duffey
Counsel of Record for
Karriem Abdullah, Petitioner

12

13