IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| KARRIEM ABDULLAH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v | ) | Civil Action No. 3:07cv1000-WKW |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

Pursuant to the orders of this court, the United States has filed a response (Doc. No. 7) addressing the applicability of the period of limitation to the motion to vacate under 28 U.S.C. § 2255 filed by federal inmate Karriem Abdullah ("Abdullah") on November 7, 2007. In addition, the government has addressed Abdullah's claim that he is actually innocent of the crimes for which he was convicted. In its response, the government argues that Abdullah's motion is barred by the one-year period of limitation applicable to motions filed under 28 U.S.C. §2255. *See* § 105 of the Antiterrorism and Effective Death Penalty Act ("AEDPA").[1] (*See* Doc. No. 7 at 3-4.) The government further argues that Abdullah has failed to present any evidence that demonstrates his actual innocence of the crimes for which he was convicted. (*Id.* at 2-4.) In addition, the government maintains that Abdullah's

---

[1] "Section 105 amended 28 U.S.C. § 2255, establishing a one-year 'period of limitation' for motions filed pursuant to § 2255." *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998). This section became effective on April 24, 1996.

assertion of actual innocence is, essentially, a challenge to the sufficiency of the evidence – a claim that was raised and decided against Abdullah in his direct appeal and is therefore barred from further review by this court. (*Id.*)

Paragraph 6 of 28 U.S.C. § 2255 specifies that the AEDPA's one-year period of limitation begins from the latest date of

>  (1) the date on which the judgment of conviction becomes final;
>
>  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Abdullah was sentenced on October 10, 2000. (*See* Doc. No. 2, Gov. Exh. C.) He appealed, and on November 29, 2001, the Eleventh Circuit affirmed his convictions and sentence. (*See id.*, Gov. Exh. D.) Abdullah filed a petition for a writ of certiorari in the United States Supreme Court, which that Court denied on August 5, 2002. *See Abdullah v. United States*, 536 U.S. 977 (Aug 5, 2002, No. 01-8823) (table). Under the directives of 28 U.S.C. § 2255, then Abdullah's convictions became final on August 5, 2002, when the Supreme Court denied his petition for certiorari review. *See Washington v. United States*, 243 F.3d 1299, 1300-01 (11th Cir. 2001) (a conviction is final on the day the Supreme Court

denies a convicted defendant's certiorari petition or renders a decision on the merits). Thus, Abdullah had until August 5, 2003, to file a timely § 2255 motion. The instant motion was not filed until November 7, 2007.

It does not appear that any of § 2255's statutory exceptions to application of the limitation period are applicable in this case. Specifically, Abdullah's claims do not rest on an alleged "right [which] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Moreover, there is no suggestion that the government prevented Abdullah from filing an earlier § 2255 motion, nor has Abdullah submitted any grounds for relief that could not have been put forth earlier under the exercise of due diligence such that the limitation period begins to run at a time other than upon the finality of his conviction.

Under the circumstances of this case as outlined herein, it appears to the court that the one-year period of limitation contained in 28 U.S.C. § 2255 expired prior to Abdullah's filing his motion to vacate. Accordingly it is

**ORDERED** that **on or before February 12, 2008**, Abdullah shall show cause why his 28 U.S.C. § 2255 motion should not be dismissed as it was not filed within the one-year limitation period established by the AEDPA and for the other reasons stated in the government's response.

3

Done this 22nd day of January, 2008.

        /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE