IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| KARRIEM ABDULLAH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 3:07cv1000-WKW |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court (Doc. No. 10) is a Motion for Default Judgment filed by the petitioner on January 25, 2008.[1] By this motion, the petitioner seeks entry of judgment against the United States due to its alleged failure to file a response to the petitioner's 28 U.S.C. § 2255 motion in compliance with this court's orders.

The court's records reflect that on January 17, 2008 (Doc. No. 7), the United States filed a response to the petitioner's § 2255 motion in accordance with previous orders of the court. The certificate of service included with the United States' response indicates that a copy of the response was also mailed to the petitioner on that same date. The court further notes that on January 22, 2008 (Doc. No. 9), the court entered an order directing the petitioner to show cause on or before February 12, 2008, why his § 2255 motion should not be dismissed as it was not filed within the one-year limitation period established by the AEDPA and for the other reasons stated in the United States' response. Under the circumstances, the court concludes that the petitioner's

---

[1] Although the petitioners motion is date-stamped "received" on January 30, 2008, under the "mailbox rule," the court deems it filed on the date he delivered it to prison authorities for mailing, presumptively, January 25, 2008, the day that he signed it. *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

instant motion is due to be denied at this time.[2]

Accordingly, it is the **RECOMMENDATION of the Magistrate Judge** that the petitioner's Motion for Default Judgment (Doc. No. 10) be denied and this case be referred back to the undersigned for further proceedings. It is further

**ORDERED** that the parties shall file any objections to this Recommendation **on or before February 13, 2008**. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*).

Done this 31st day of January, 2008

      /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[2] By separate order, the court has directed the Clerk, in the interest of judicial econmony, to provide the petitioner with copies of the United States' response and the court's show-cause order of January 22, 2008. In addition, the order grants the petitioner an extension of time to respond to the show-cause order.