IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
<u>EASTERN DIVISION</u>

Karriem Abdullah,     )
                      )
    Movant.           )   Civil Action No. <u>3:07cv1000-ID</u>
                      )
                      )
vs.                   )
                      )
                      )
                      )
United States of America, )
                      )
    Respondent.       )

KARRIEM ABDULLAH'S
MEMORANDUM IN RESPONSE
TO TIMELINESS OF
<u>MOVANT'S 28 U.S.C. § 2255 MOTION</u>

**COMES NOW**, Movant Karriem **Abdullah**, pro se, and in response to the Court's Order setting forth the timeliness of his underlying motion for relief under Title <u>28 U.S.C. § 2255</u> respectfully shows the Court that:

## MOVANT'S MOTION IS TIMELY UNDER THE FUNDAMENTAL MISCARRIAGE OF JUSTICE RULE

Under the fundamental miscarriage of justice exception to the procedural default rule in habeas corpus cases, a procedural default will be excused if the constitutional violation has probably resulted in the conviction of one who is actually innocent.

Movant's procedural default of the one (1) year **AEDPA** time limit should be so excused.

The Supreme Court has held that if a petitioner presents evidence of innocence so strong that a Court cannot have confidence in the outcome of the trial unless the Court is also satisfied that the trial was free of non-harmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims. <u>Schlup</u> v. <u>Delo</u> 513 U.S. 298 (1995)

At bar, Movant submits <u>that</u> he is actually innocent of the sentence of 235 months that he received, inasmuch as the record is devoid of any evidence, indeed there is no evidence, that Movant possessed or sold **"crack"** cocaine.

1. ACTUAL INNOCENCE STANDARD

To establish that he is "actually innocent," such that a proceduraldefault will be excused, a petitioner must "support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." Id. at 324.

The Court, in reviewing this new reliable evidence, must be persuaded that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Id at 327 (adopting standard set forth in Murray v. Carrier, 477 U.S. 478, 1986)).

To meet this standard, a petitioner is not bound by traditional rules of admissibility that would govern at trial. 513 U.S. at 327.

Rather, "the emphasis on "actual innocence" allows the reviewing tribunal also to consider the probative force of relevant evidence that was either excluded or unavailable at trial." 513 U.S. at 327-28.

Respondent's assertions to the contrary, the new reliable evidence of actual innocence does not necessarily need to be "linked" to a petitioner's procedurally defaulted claims.

Although <u>Schlup</u> requires both a showing that there are procedurally defaulted claims and a showing of actual innocence to excuse the default, the Court does not read <u>Schlup</u> to require a showing that the evidence of innocence relates to, or is linked to, the constitutional claims. See e.g. <u>Carriger v. Stewart</u>, 132 F.3d 463 (CA9, 1997) (actual innocence established by government witness' post-trial confession that indeed, it had been he who committed the murder for which petitioner was convicted; new trial granted based upon constitutional error deriving from government's unrelated <u>Brady</u> violation in failing to provide defense with that witness' Department of Corrections file, which would have shown that the witness was a pathological liar-evidence which could have impeached the witness' credibility at trial.)

The only post <u>Schlup</u> case in which a link "requirement" has been discussed in the Eastern District of Virgina case of <u>Weeks v. Angelone</u>, 4 F. Supp. 3d 497 (E.D. Va. 1998).

<u>Weeks</u>, however, is somewhat on point is that the petitioner was arguing that he was "actually innocent" of the sentence, not the crime, and the district court relied on the pre-<u>Schlup</u> case of <u>Spencer v. Murray,</u> 18 F.3d 229, 236 (CA4, 1994) in determining a link was required.

(4)

## CONCLUSION

It is respectfully submitted that, based on the foregoing, Movant's motion should be deemed to be timely filed.

Dated: \_\_\1\_\_ February, 2008.
       Forrest City, Arkansas.

                                              *Karriem Abdullah*
                                              Karriem Abdullah
                                              Pro Se
                                              Movant

## CERTIFICATE OF SERVICE

I, _____**Karriem Abdullah**_____, duly certify, under the penalty of perjury, that on the __\\__ Day of _____**February**_____,200**8**, I mailed a true copy of the annexed __**Memorandum In ReSponse**_____, VIA First Class United States Mail to

Kent B. Brunson
Assistant United States Attorney
131 Clayton Street
Montgomery, AL 36104

*[signature]*
**Karriem Abdullah**
PRO SE

Clerk of Court
Frank M. Johnson Federal Building
One Church Street
PO Box 911
Montgomery, AL 36101

Legal Mail

K. Abdullah 10089-002
PO Box 3000 Forrest City Fcc-med
Forrest City AR 72336

