IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:07cv1000-ID |
| | ) | (CR. NO. 3:97cr225-ID) |
| | ) | |
| KARRIEM ABDULLAH | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**PROCEDURAL HISTORY**

On October 29, 1997, the petitioner, Karriem Abdullah ("Abdullah") was indicted in the Middle District of Alabama on one count of conspiracy to distribute and possess with intent to distribute cocaine base in violation of 21 U.S.C. §§ 846 and 841(a)(1) and two counts of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). After a jury trial, he was convicted of one count of conspiracy to distribute and possess with intent to distribute cocaine base and one count of possession with intent to distribute cocaine base. On July 31, 1998, the court sentenced him to 292 months imprisonment and five years supervised release. Abdullah appealed his conviction and sentence. On July 11, 2000, the Eleventh Circuit Court of Appeals affirmed his conviction but vacated his sentence as it related to a two level firearm enhancement, and remanded to this court for resentencing. *See United States v. Jones*, 226 F.3d 646 (11th Cir. July 11, 2000) (Table, No.98-6595). On October 5, 2000, Abdullah was sentenced to a term of imprisonment of 235 months and three years supervised release. An amended judgment was

entered on October 10, 2000. Abdullah again appealed to the Eleventh Circuit Court of Appeals. On November 29, 2001, the Eleventh Circuit Court of Appeals affirmed his sentence. *See United States v. Abdullah,* 29 Fed. Appx. 572 (11th Cir. Nov. 29, 2001) (Table, No. 00-15418). On February 27, 2002, Abdullah petitioned the United States Supreme Court for certiorari which was denied on April 15, 2002. *See Abdullah v. United States*, 535 U.S. 1004, *reh'g denied*, 536 U.S. 977 (2002).[1]

On November 7, 2007, Abdullah filed this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.[2] In his motion, Abdullah asserts that

> he is actually innocent of the sentence of 235 months that he received, inasmuch as the record is devoid of any evidence, indeed there is no evidence, that Abdullah possessed or sold "crack" cocaine.

(Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, Doc. # 1, at 6.) Abdullah argues that his sentence was improperly enhanced for "selling crack cocaine where there was simply no finding or proof that the substance [that he sold] was "crack cocaine."

---

[1] On June 27, 2005, Abdullah filed a motion to recall the mandate out of time with the Eleventh Circuit Court of Appeals. On July 14, 2005, the Eleventh Circuit denied his motion. On October 24, 2005, Abdullah challenged the denial of his motion by filing a petition for certiorari with the United States Supreme Court which was summarily denied on November 14, 2005. *Abdullah v. United States*, 546 U.S. 1024 (2005).

[2] The motion was signed by Abdullah on November 7, 2007 and stamped "filed" by this court on November 9, 2007. The law is well settled that a pro se inmate's motion is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [Abdullah's] motion was delivered to prison authorities the day [he] signed it . . ." *Washington v. United States*, 243 F.3d 1299 (11th Cir. 2001). In light of the foregoing and without any contradictory evidence, the court concludes that November 7, 2007 should be considered the date of filing for Abdullah's motion.

(*Id.* at 8). On January 17, 2008, the United States filed an answer in which it argues that the motion to vacate filed by Abdullah is barred by the one year period of limitation applicable to motions filed under 28 U.S.C. § 2255. *See* § 105 of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA").[3] Abdullah's conviction and sentence became final on August 5, 2002, when the United States Supreme Court denied his petition for certiorari. Thus, Abdullah had one year – until August 5, 2003 – to file a timely § 2255 motion. Abdullah was afforded an opportunity to respond to the government's pleadings, and he has done so. After due consideration and upon review of the motion, the pleadings and the record, the court concludes that an evidentiary hearing is not required and, pursuant to Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*, Abdullah's motion should be denied.

## DISCUSSION

28 U.S.C. § 2255 specifies that the one-year period of limitation begins from the latest date of

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or

---

[3] "Section 105 amended 28 U.S.C. § 2255, establishing a one-year 'period of limitation' for motions filed pursuant to § 2255." *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998). This section became effective on April 24, 1996.

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

By operation of law, Abdullah's conviction became final on August 5, 2002 when the United States Supreme Court denied his petition for certiorari. Thus, Abdullah had until August 5, 2003, to file his § 2255 motion. The motion in this case was filed on November 7, 2007, well beyond the one year statute of limitations period. It does not appear that any of § 2255's exceptions to application of the limitation period are applicable in this case.[4] Consequently, the court finds that the one-year period of limitation under 28 U.S.C. § 2255 expired prior to Abdullah filing his motion to vacate.

On January 22, 2008, the court ordered Abdullah to show cause why his motion should not be dismissed pursuant to 28 U.S.C. § 2255 for failure to file his motion within the applicable one-year limitation period. In his motion to vacate and in response to the court's order, Abdullah concedes that his motion is not timely under AEDPA. However, Abdullah argues that his untimely petition should be permitted because he is actually innocent of the sentence imposed upon him because the record is "devoid of any evidence, indeed there is no evidence, that [he] possessed or sold "crack" cocaine." His argument is unavailing.

> To successfully plead actual innocence, a petitioner must show that his conviction resulted from "a constitutional violation." *Schlup v. Delo,* 513 U.S. 298, 327, 115 S.Ct. 851, 867, 130 L.Ed.2d 808 (1995). To do so, he must

---

[4] Although the Eleventh Circuit has determined that "[e]quitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence[,]" there is nothing before this court to indicate the existence of "extraordinary circumstances" that warrant an equitable tolling of the one-year period of limitation applicable to the claim raised in the instant § 2255 motion. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).

> demonstrate "that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 327, 115 S.Ct. at 867; *Arthur* [*v. Allen*], 452 F.3d [1234], []1245 [(11th Cir. 2006)]. The petitioner must raise "sufficient doubt about [his] guilt to undermine confidence in the result of the trial." *Arthur*, 452 F.3d at 1245 (quotations and citation omitted). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 1611, 140 L.Ed.2d 282 (1998).

*Johnson v. Fla. Dep't of Corr.*, ___ F.3d ___, ___, 2008 WL 152181, *5 (11th Cir. Jan. 17, 2008).

Abdullah has failed to make the requisite showing. First, Abdullah does not challenge his conviction but his sentence. In essence, he argues that his sentence was improperly increased because the court concluded that the underlying drugs were "crack" cocaine instead of simply powder cocaine. At best, Abdullah asserts a legal claim to his sentence; he does not present a claim of actual innocence.

Furthermore, Abdullah points to no fact in the record, nor has he submitted any 'new" evidence to support of his claim of actual innocence. His conclusory statements that he is "actually innocent of the sentence" is simply insufficient to support a claim of innocence. To be successful on a claim of actual innocence, Abdullah must demonstrate that his conviction resulted from "a constitutional violation." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). To do so, he must show "that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* Abdullah must raise "sufficient doubt about [his] guilt to undermine confidence in the result of the trial." *Arthur v. Allen*, 452 F.3d 1234, 1245 (11th Cir. 2006) (quotations and citation omitted). "To be credible, [an actual

innocence] claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. Abdullah argues that there was no evidence that he sold "crack." This lack of evidence obviously existed at the time of Abdullah's trial and, therefore, is not "new." Abdullah has not cast sufficient doubt on his guilt to undermine confidence in the result of the trial.

Thus, the court finds that the one-year limitation period of 28 U.S.C. § 2255 expired on August 5, 2003, well over four years before Abdullah filed his motion. Because Abdullah did not file in this court until November 7, 2007, his motion is time-barred and this court may not address the merits. The court further concludes that Abdullah has failed to show sufficient cause to excuse his failure to file within the statutory period.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the motion for relief pursuant to 28 U.S.C. § 2255 be denied and that this case be dismissed. It is further the RECOMMENDATION of the Magistrate Judge that the costs of this proceeding be taxed against the defendant. It is further

ORDERED that the parties shall file any objections to the this Recommendation on or before **March 26, 2008.** A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed

findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).

Done this 13th day of March, 2008.

      /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE